### GREY v. NICKEY BROS., Inc.

(Circuit Court of Appeals, Fifth Circuit. February 2, 1921.)

No. 3595.

1. **Vendor and purchaser** ⬥⟹18(3)—**Acceptance of option held unequivocal.**

A telegram by a party having an option for purchase of land, which stated: "Will exercise our option. * * * Mail deed with draft. * * * Answer"—was an unequivocal acceptance of the option, and not merely an expression of future intention to accept, and therefore made the option a binding contract.

2. **Vendor and purchaser** ⬥⟹18(3)—**Attorney's letter held not to make purchaser's acceptance conditional.**

A letter by the purchaser's attorney, dated the same day as a telegram accepting the option, which stated that the examination of the title had not been concluded, but was being vigorously prosecuted, and expressed the hope of closing the transaction the next week, does not indicate that the acceptance of the option was conditional, even if the attorney had authority to modify the acceptance.

3. **Vendor and purchaser** ⬥⟹18(3)—**Acceptance of option within time sufficient, unless there is clear intent to require performance.**

Where an option for the purchase of land is given, time is usually made of the essence in so far as acceptance is concerned; but, unless it is the clear intention of parties to require acceptance and performance within the time limit, such limit does not relate to performance.

---

⬥⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Vendor and purchaser ☞75—Option held not to require performance within limited time.**

    A 30-day option for the purchase of a large tract of land which contemplated the execution of the deed, a mortgage and notes for the purchase price, and the ascertainment of the amount of income and profit tax the vendor would have to pay, requires only acceptance within 30 days, and permits performance within a reasonable time thereafter, especially where the vendor so construed it by promising, in reply to telegram of acceptance, to send papers in a few days.

**Specific performance ☞97(1)—Tender of performance by purchaser held unnecessary, where vendor stated he would not convey.**

    Where the purchaser, within a reasonable time after exercising his option, was proceeding to have corrected defects in the title and in the abstract, and in good faith attempting to carry out the contract, when the vendor tendered a deed which contained unusual clauses, waiving purchaser's rights under the state Constitution and laws which were not provided for in the option, and thereafter positively stated he would not convey the property, the failure of purchaser to tender payment of the purchase price did not defeat his right to specific performance.

Appeal from the District Court of the United States for the Western District of Louisiana; George W. Jack, Judge.

Suit for specific performance by Nickey Bros., Incorporated, against James P. Grey. Decree for complainant, and defendant appeals. Affirmed.

J. C. Theus, of Monroe, La., and Elias Gates, of Memphis, Tenn., for appellant.

Henry Bernstein and F. G. Hudson, Jr., both of Monroe, La., and J. W. Canada, of Memphis, Tenn., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is a suit to compel specific performance of a contract for the sale of real estate. January 29, 1919, appellant, for the consideration of $100, granted to appellee an option to purchase certain lands in West Carroll parish, La., the provisions of which, material to the question at issue, are: That appellee should exercise the option within 30 days; that upon exercise of the option within the time specified appellee should pay appellant $20,000 upon the purchase price of $50,600, "upon the delivery of a valid, fee-simple deed with full covenants of warranty, conveying an absolute, unincumbered, fee-simple title; $15,300 on or before one year; $15,300 on or before two years from date of deed, with interest at 6 per cent. per annum, payable semiannually, evidenced by notes secured by a mortgage or deed of trust on the above-described land; the cash payment to be paid on draft with exchange attached to deed at the Bank of Commerce & Trust Company, Memphis, Tenn.";  that any additional amount of federal income or profit tax, payable for the year 1919 by appellant by reason of the sale, should be added to the purchase price up to an amount not exceeding $3,000, to be evidenced by a note and secured by mortgage or deed of trust; that appellant should furnish appellee the data showing such increase; that appellant should furnish appellee a complete abstract of title within 15

    ☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

days, failing which the option should be extended 15 days after a complete abstract should be furnished; that if the land contained less than 1,840 acres, according to government survey, the purchase price should be decreased by $27.50 per acre, and if it contained more than 1,840 acres, according to government survey, the purchase price should be increased at the rate of $27.50 per acre; that appellee should have the right to continue the option for an additional 30 days upon payment to appellant of $500 at or before the expiration of 30 days.

It was admitted by the pleadings that February 27, 1919, appellant received from appellee the following telegram:

"Will exercise our option to buy land West Carroll Parish, La. Mail deed with draft to our bank here. Answer."

And on the same date sent the following telegram in reply:

"Telegram. Will send papers within few days."

In his answer appellant alleges that on March 4, 1919, his agent tendered a deed in accordance with the contract at the office of appellee, and was informed that an officer of appellee company, who was attending to the purchase of the lands, was absent, and that appellant's agent would be notified of his return; that such notice was never given; that appellant heard nothing further from appellee until March 2, 1919, when he received a letter from appellee's attorney stating that the examination of the abstract had not been completed; and that appellee had failed to comply with the terms of the option either by accepting the title or paying the sum stipulated for an additional option, and that on March 25, 1919, appellant notified appellee that its right to exercise the option had expired. The answer also denied that appellee had accepted the offer of sale contained in the option.

February 28, 1919, appellee's attorney mailed to appellant the following letter dated the previous day:

"Messrs. Nickey Bros. have asked me to advise you that the examination of the title to your lands in West Carroll parish, La., has not yet been concluded, but is being vigorously prosecuted, and that we hope to close the matter the latter part of next week if title proves satisfactory, as we have every reason to believe that it will."

March 17, 1919, appellee telegraphed to appellant as follows:

"Our attorneys report several defects in your title. No patents were ever issued by the state of Louisiana covering these lands. Certain back tax proceedings are irregular. It is possible that these defects can be cured. Will you have your attorney do this or will you authorize us to have our attorneys do it at your expense? Answer."

March 25, 1919, appellant wrote appellee the following letter:

"The time having expired within which you were to accept title to my Louisiana lands, described in our agreement of January 29, 1919, executed by us at Hendersonville, North Carolina, and you not having exercised your option or accepted title to the lands, I wish to notify you that all agreements between us have lapsed and are no longer in effect, and that I consider myself in no manner bound by same. This notice goes forward to you by registered mail, to-day. Please return to me at Hendersonville, N. C., the abstract of title and oblige."

It may be assumed that appellant did not furnish a complete abstract of title, although it is true that an incomplete abstract was furnished within 15 days from the date of the option. The District Judge held the abstract furnished was not a complete one, and the evidence abundantly sustains that finding; but, inasmuch as no assignment of error is based upon the finding of the court as to the insufficiency of the abstract, it is unnecessary to state the particulars wherein it was deficient. During the time the 30-day option was running, appellant's agent had procured the patents inquired about by appellee on March 17; but appellant withheld from appellee the information that patents had been procured, although he was acquainted with that fact as early as the second day of March. The deed provided that appellant should furnish appellee the data showing the increase in his federal income or profit tax, and that appellee should accept such statement as correct. The deed further provided that a failure to pay the interest on any of the notes should cause all the notes to become due, at appellant's option; that an attorney's fee of 10 per cent. should be paid upon the notes if placed in the hands of an attorney for collection after maturity; and that in case of foreclosure by executory process appellee should waive the notices required by the laws of Louisiana, and should confess judgment for the full amount of the notes, including attorney's fees. The form of notes prepared by appellant provided that appellee waived all rights of redemption and of notice of seizure and appraisement of real estate secured to it by the Constitution and laws of Louisiana in regard to the collection thereof.

The District Court found the equities to be with appellee and entered a decree requiring specific performance. The assignments of error present the questions: (1) Whether appellee accepted the option; (2) and, if so, whether the option required performance as well as acceptance within thirty days; and (3) even if it did not, whether appellee failed without a valid excuse to tender performance.

[1] 1. An option, such as this is, differs from the usual offer only in that it cannot be withdrawn during the period given for its acceptance. It becomes a binding contract when accepted. The acceptance, of course, must be unequivocal and unconditional. It is insisted that the telegram above quoted was equivocal, in that it only expressed the future intention of appellee to exercise the option. Construing the whole telegram, it is quite apparent that the offer was a present one, because request was also made to mail deed and draft to the bank in accordance with the terms of the option, and in addition appellant was requested to answer. The acceptance, therefore, was unequivocal.

[2] It is said, furthermore, that the acceptance was conditional, when taken in connection with the letter from appellee's attorney bearing the same date, but mailed the succeeding day, and received about March 2d following. Appellant replied on same date with telegram of acceptance, as already stated. We have, then, an offer to sell and an acceptance, which raises the option, which theretofore was binding upon only one of the parties, to the dignity of a contract, binding upon both parties. The rights of the parties had become fixed before

the attorney's letter was sent. Waiving the question of his authority to modify the contract, it is not apparent from his letter that it was his intention to do so. The statement therein contained, that he hoped "to close the matter up the latter part of next week if the title proves satisfactory as we have every reason to believe that it will," could more reasonably be said to relate to the time when appellant might expect the transaction to be closed than to a withdrawal of the offer of acceptance in the event the title did not prove to be satisfactory. The acceptance was not, therefore, rendered conditional by the letter from appellee's attorney.

[3] 2. Time is usually made of the essence of a contract in so far as acceptance is concerned. Of course, it may be also as to performance of the things to be done by the purchaser; but, unless it is the clear intention of the parties to require both acceptance and performance within the time limit, the time within which an option is to be exercised, relates only to acceptance and not to performance. Watson v. Coast, 35 W. Va. 463, 14 S. E. 249; Ellis v. Bryant, 120 Ga. 890, 48 S. E. 352; 27 R. C. L. 344.

[4] A contract precedes its enforcement or execution. It could not well have been contemplated that the cash payment should be made, the deed, mortgage, and notes executed and delivered, and the amount of the income or profit tax appellee was to pay determined, within 30 days. Appellee had until the end of the 30 days to accept the option. Even if it could be said that he should also have been ready to pay, yet it was not intended that he should do so before he received the deed which appellant was bound to execute. The contract was so construed by appellant. He made no objection at the time to complying with the requests of appellee, but on the contrary stated that he would "send the papers within a few days." The parties never proceeded upon the idea that the option had to be performed; that is to say, that the cash payment had to be made, and the deed, mortgage, and notes executed and delivered within 30 days. It follows that the option contemplated an acceptance within 30 days; and performance within a reasonable time thereafter.

[5] 3. It is contended that appellee failed, even after the time limit of 30 days had expired, to pay, or to offer to pay, the purchase price. The evidence shows that appellee was proceeding upon the theory that appellant intended to carry out in good faith his obligations under the contract; that in examining the title it was discovered there was some question as to whether the taxes had been paid, and that the abstract failed to show patents from the state or government of some of the lands. Appellee notified appellant of these defects in the title, and stated further that there were other imperfections in the abstract. Appellant failed to answer the telegram which requested him to inform appellee's attorney whether he would have patents issued, or whether appellee should do so, although at that time appellant had the patents in his possession. Appellee cannot be held to have been in default for not accepting the deed and making the cash payment. The deed contained unusual conditions not required by the option, or authorized by custom in conveyancing, such as the provision waiving rights under

the Constitution and laws of Louisiana. While appellee was in good faith investigating the title, and relying upon the right to close the transaction within a reasonable time, appellant notified it in the most positive terms that he would not convey the property. Under these circumstances, appellee was not under the necessity of going through the idle ceremony of tendering performance.

The decree is affirmed.