H. J. ACHESON, *Plaintiff in Error,* v. SMITH'S, INC., a corporation, *Defendant in Error.*

148 So. 576.

Opinion filed May 13, 1933.

*Huffaker & Edwards,* of Bartow, for Plaintiff in Error.

*Touchton & Crittenden,* of Winter Haven, for Defendant in Error.

DAYTON, Circuit Judge.—This is an action at law to recover a broker's commission for the sale of realty. The Court below directed a verdict for the defendant, holding that a provision in a sales contract providing for liquidated damages in the event of a breach by the vendee of the terms thereof, constituted such contract a mere option, thereby precluding recovery of commission by a broker, with whom the property had been listed for sale at a certain price upon terms satisfactory to the vendor, and who furnished the contracting vendee. This ruling of the Trial Court is assigned as error.

The plaintiff, H. J. Acheson, was a duly licensed real estate broker for the year ending September 30th, 1929, and had made application for renewal of his license. Absence of proof on the part of the defendant that at the time of such application the said Acheson was under suspension, precludes objection to his being a duly licensed broker under Section 4083 Compiled General Laws of Florida, 1927.

Plaintiffs' declaration is in four counts, alleging in 1st, 2nd and 3rd, that defendant promised the plaintiff that if the plaintiff would sell certain described property upon terms satisfactory to the defendant, that the defendant would pay the plaintiff as a commission five per cent. (5%) of the sale price of such land for his services. The fourth

count is a common count for work and services done for defendant.

The question herein involved is whether the contract entered into is in reality a contract of sale or a mere option.

It is well settled that the mere procurement by a broker, who has been employed to find a purchaser, of a person who takes an option on the property involved, will not entitle such broker to a commission if the optionee elects not to exercise his option. See 4 R. C. L. 315.

Plaintiff in error contends that the contract in this case was not a mere option, but in reality, a valid and binding contract of purchase. Defendant in error contends that the contract is a mere option.

"An option is a continuing offer upon the part of the optioner to sell, and when limited to a certain time, it is essential that it should be accepted within such time by a compliance with its terms upon the part of the optionee, and if not accepted within such time, the right to do so is lost. An option is not an executory contract, but is an executed one, giving a right to the optionee, by complying with the provisions of the option, to convert it into a valid and binding executory contract." See Words and Phrases, 2nd Series, Vol. 3, Page 754, citing Fullerton v. Messenger, 56 S. E. 830, 61 W. Va. 477.

The determining factor in this case is whether the parties to the contract intended that the payment of the $2,000.00 should be regarded as a partial performance of the contract of sale, the said sum of course being subject to forfeiture should the vendee default in the subsequent payment of the $6,500.00 within the prescribed time of thirty days, or that the payment of the said sum should be regarded as the purchase price of an option to buy the property. The defendant contends that the parties did not intend for this to be a

sale in *praesenti* or a contract to sell in *praesenti,* but that the payment of the $6,500.00 in thirty days was a condition subsequent which would bring the contract into existence. This contention is altogether unfounded, as the payment of the $2,000.00 was a first installment and the payment of the other sums, to-wit: $6,500 in thirty days, and $6,500 in sixty days, and the balance over a period of __ years, all of these various installments are conditions precedent to certain liabilities which would come into existence upon performance of these conditions, i. e. payment of the stipulated sums, and are not to be regarded as conditions precedent to the contract of sale coming into ease. The payment of the $2,000 is as much an installment as any of the other installments. It would be just as well to say that the contract did not come into being until any of the installments were paid as the one selected here by the defendant.

The defendant further contends that the contract of sale was not one which equity would give specific performance to and that therefore it is not a valid and binding contract on both of the parties thereto. It is true that equity would not enforce the contract since the parties themselves provide for liquidated damages in the event of a breach thus giving an adequate remedy at law and hence a Court of Equity would not interfere.

As to the other contentions raised by the defendant, the writer is of the opinion that they are not to be considered as they are improperly brought to the attention of this Court since they cannot be properly considered questions raised by the writ of error. The real question is the one just discussed, to-wit: that the contract is not one of sale but a mere option.

The trial court erred in its ruling. The contract is a valid contract of sale, and the fact that liquidated damages were

provided for and the fact that the purchaser did not perform
the various acts of performance does not preclude the com-
mission broker from getting his commission, as he complied
with the terms of his agreement in that he found a pur-
chaser who was ready, willing, etc. to buy, and was satis-
factory to the vendor, and who did enter into a contract of
sale with the vendee .

. The court erred in directing a verdict for defendant and
the judgment should be reversed, and a new trial awarded.

DAVIS, C. J. and WHITFIELD, TERRELL, BROWN and BU-
FORD, J. J., concur.