**J. D. STETSON COLEMAN v. GEORGE T. BAKER**

25 So. (2nd) 862               January Term, 1946

April 30, 1946                    Division A

*McKay, Dixon & DeJarnette,* for appellant.
*Milam, McIlvane & Milam,* for appellee.

ADAMS, J.:

The following declaration was held bad on demurrer:

"FIRST COUNT. On or about April 29, 1941, the defendant was the owner and holder of an option to purchase 10,000 shares of common stock of National Airlines, Incorporated, a corporation, from said corporation at a price of $7.50 per share. On or about said date, the defendant granted to the plaintiff an option to purchase from said BAKER 500 shares of the common stock of said corporation at a price of $7.50 per share. Said option was in writing, a true and correct copy thereof being hereto attached and made a part hereof as Exhibit No. 1. Thereafter said corporation declared and issued a stock dividend of one share to each four, whereby said options became options to purchase 12,500 shares and 625 shares, respectively, at the same total price. Thereafter, on or about December 15, 1943, the plaintiff notified the defendant in writing of the plaintiff's intention to exercise his said option, and the defendant exercised his said option. Plaintiff has been at all times, and is now, ready, able and willing to pay to the defendant, the purchase price of said stock, and has so notified the defendant, but the defendant has failed and refused to deliver said stock in accordance with the terms of the contract between the plaintiff and the defendant. Said stock has greatly increased in value.

"SECOND COUNT. On or about April 29, 1941, the defendant was the owner and holder of an option to purchase 10,000 shares of common stock of National Airlines, Incorporated, a corporation, from said corporation, at a price of $7.50 per share. Said option expired April 15, 1944. On or about April 29, 1941, the defendant granted to the plaintiff an option to purchase from the defendant 500 shares of the

common stock of said corporation at a price of $7.50 per share. Said option was in writing, a true and correct copy thereof being hereto attached and made a part hereof, as Exhibit No. 1. Thereafter, said corporation declared and issued a stock dividend for one share of common stock to each four shares of common stock, whereby said options became options to purchase 12,500 shares and 625 shares, respectively, at the same total price. Plaintiff entered the military service of the United States in December, 1941, shortly after Pearl Harbor, and during the month of December, 1943, was engaged in active fighting on Bougainville Island, and did not return to the United States until the last week in April, 1944. On December 15, 1943, the plaintiff notified the defendant of his intention to exercise his said option, a true and correct copy thereof being hereto attached and made a part hereof, as Exhibit No. 2. Thereby the said option became a valid and binding contract between the plaintiff and the defendant, subject only to become void if the defendant should fail to exercise his said option. Thereafter, the defendant, on or about April 15, 1944, exercised his said option. Plaintiff has been at all times, and is now, ready, able and willing to pay to the defendant the purchase price of said stock and has so notified the defendant, but the defendant has failed and refused to deliver said stock in accordance with the terms of the contract between the plaintiff and the defendant. Said stock has greatly increased in value.

"THIRD COUNT. On or about April 29, 1941, the defendant was the owner and holder of an option to purchase 10,000 shares of common stock of National Airlines, Incorporated, a corporation, from said corporation, at a price of $7.50 per share. Said option expired April 15, 1944. On or about April 29, 1941, the defendant granted to the plaintiff an option to purchase from the defendant 500 shares of the common stock of said corporation at a price of $7.50 per share. Said option was in writing, a true and correct copy thereof being hereto attached and made a part hereof as Exhibit No. 1. Thereafter said corporation declared and issued a stock dividend of one share of common stock to each four shares of common stock, whereby said options became op-

tions to purchase 12,500 shares and 625 shares, respectively, at the same total price. Plaintiff, having entered the armed services of the United States and having been assigned to duty in the Pacific area, gave to one Paul R. Scott his general power of attorney and constituted him the agent of the plaintiff in and about the matter of the said option and the exercise thereof. On December 15, 1943, plaintiff instructed said Scott to exercise said option, and thereafter and before April 1, 1944, said Scott attempted to exercise said option, but the defendant refused to admit to said Scott the existence of said option, Plaintiff was at said time engaged in combat duty in the Marine Corps of the United States in the South Pacific and did not return to the United States until the last week in April, 1944, and under such circumstances could not act to protect his own interests as promptly and adequately as he otherwise could have, which facts were known to defendant. From that time until February 2, 1945, the defendant refused to admit the existence of said option, and did so then only to deny that said option had been exercised by plaintiff within the time specified in said option. Whereby the defendant waived the exercise by plaintiff of the said option within the time specified therein, and is estopped now to deny the timely exercise by plaintiff of the said option. Defendant exercised his said option on or about April 14, 1944. Plaintiff has been at all times and is now, ready, able and willing to pay to the defendant the purchase price of said stock and has so notified the defendant, but the defendant has failed and refused to deliver said stock in accordance with the terms of the contract between the plaintiff and the defendant. Said stock has greatly increased in value."

The exhibits attached are as follows:

"April 29, 1941

"Mr. J. D. S. Coleman
 3400 Prairie Avenue
 Miami Beach, Florida
"Dear Stets:

"In accordance with your request, I am pleased to give you an option to purchase 500 shares of the common stock of

National Airlines, Incorporated, at $7.50 a share provided you exercise this option at the same time I exercise the option I hold to purchase 10,000 shares of the common stock of this Company.

"In any event, this option to you shall be wholly void and of no effect after April 1, 1944. It will be necessary for you to keep me advised by registered mail of any changes of address and in the event this is not done, your option will be void.        "With kindest regards, I am,

Yours very truly,

(signed)  Geo. T. Baker"

COPY

EXHIBIT NO. 1

"Captain J.D.S. Coleman
 Fighter Command
 Navy Fleet P. O. 805
 Postmaster
 San Francisco, Cal.

"December 15, 1943

"Mr. G. T. Baker, President
 National Airlines,
 Jacksonville Airport,
 Jacksonville, Florida
"Dear Mr. Baker:

"Enclosed please find copy of letter to my agent Mr. Paul R. Scott of Miami, Fla. regarding my option on five hundred shares of Nat Airlines stock at ($7.50) seven dollars fifty cents per share issued to me by you as part of your option on ten thousand shares. Mr. Scott has in his possession my power of attorney giving him full and legal authority to act in my name. I hereby state it is my intention to exercise said option and that Mr. Scott has the right to act in my name.

Very truly yours,

(signed)  J. D. S. Coleman"

J. D. S. Coleman
COPY "

Defendant states in his brief:
"If the appellant had made an unconditional acceptance

of this offer prior to April 1, 1944, then a contract would have come into being whereby if the appellant had made the tender or payment of the consideration by April 1, 1944, the appellee would have been obligated to deliver those shares of stock. The question of consideration is wholly immaterial."

Consequently we will not discuss the question of consideration. We are of the opinion that plaintiff's letter quoted above was unmistakenly an election within the agreed time to buy the stock.

Defendant insists that the allegation that "said Scott attempted to exercise said option, but the defendant refused to admit to said Scott the existence of said option" is insufficient because it is a pure conclusion of the pleader. There may be some reason for this assertion according to Andrew Stephen's Rules of Pleading. It is a close question on a rule of pleading. Our decision will determine whether the plaintiff's case is submitted to a jury or whether he must henceforth abide by the judgment against him on the demurrer. We are unwilling to rest the final outcome of the case on such a technical nicety of pleading. The declaration, if supported by proof, presented a case for the jury to pass upon.

The judgment is reversed for further proceedings.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.