**GEORGE T. BAKER v. J. D. STETSON COLEMAN**

34 So. (2nd) 538                                   January Term, 1948
March 23, 1948                                            En Banc
Rehearing denied April 24, 1948

*Thomas H. Anderson, Herbert L. Nadeau,* for appellant.

*McKay, Dixon, DeJarnette & Bradford,* for appellee.

TERRELL, J.:

Appellee sued appellant for breach of the following option to purchase five hundred shares of capital stock of National Air Lines, dated April 29, 1941:

"In accordance with your request, I am pleased to give you an option to purchase 500 shares of the common stock of National Airlines, Incorporated, at $7.50 a share provided you exercise this option at the same time I exercise the option I hold to purchase 100,000 shares of the common stock of this Company. "In any event, this option to you shall be wholly void and of no effect after April 1, 1944. It will be necessary for you to keep me advised by registered mail of any changes of address and in the event this is not done, your option will be void."

The declaration was in three counts. After alleging the option, the first count among other things, alleged that on or about December 15, 1943, the plaintiff gave defendant the following notice of his intention to exercise the option:

"Enclosed please find copy of letter to my agent Mr. Paul R. Scott of Miami, Fla. regarding my opinion on five hundred shares of Nat. Airlines Stock at ($7.50) seven dollars fifty cents per share issued to me by you as part of your option on ten thousand shares. Mr. Scott has in his possession my power of attorney giving him full and legal authority to act in my name. I hereby state it is my intention to exercise said option and that Mr. Scott has the right to act in my name."

There was a demurrer and a motion for compulsory amendment to the declaration. A motion to strike the demurrer was denied, the demurrer was overruled, pleas were filed and the case was tried before the Court without a jury. A motion for directed verdict at the conclusion of the plaintiff's case was overruled, and final judgment was entered for the plaintiff, appellee here. This appeal was prosecuted from the final judgment.

Several questions are urged but the only question we feel impelled to answer is whether or not appellee exercised his option in the time and manner required by its terms. If this question requires an affirmative answer the stock should be delivered to him on payment of the price, otherwise his suit should be dismissed.

The lower court answered in the affirmative, apparently on the theory that the option was a continuing offer to sell subject to call at the discretion of appellee. The effect of this holding was to construe the transaction to be a bilateral agreement and any time appellee notified appellant that he was ready to exercise the option the stock should be delivered to the purchaser, the consideration to be forthcoming on receipt of the stock.

In Acheson v. Smiths Inc. 110 Fla. 240, 148 So. 576, this court held an option to be a continuing offer on the part of the optioner to sell, and if limited to a certain time, it is essential that it be accepted by the optionee within that time by compliance with its terms, and if not accepted within the time specified, the right to do so is lost. Such an option is accordingly an executed unilateral contract and not an executory one. It may be converted into an executory contract by compliance with its terms.

The option in question is so clear on this point that it defies interpretation. It was executed without consideration, and gave appellee the privilege of purchasing 500 shares of common stock of National Airlines, Inc. at $7.50 per share. There is the proviso that it be exercised at the same time the optionor exercised a certain other option he holds to purchase 100;000 shares of common stock of the same company, but this proviso is limited by the second proviso, "in any event,

this option to you shall be wholly void and of no effect after April 1, 1944." The second proviso qualifies the option as a whole by voiding it if not taken up on or before the date named. The first proviso faded out of the picture after that date. It would hardly be possible to cut off the period for exercising the option in clearer terms.

On December 15, 1943, as shown by the notice here quoted, appellee advised appellant that Mr. Paul R. Scott, a very reputable attorney of Miami, had his power of attorney, giving him full and legal authority to act in his name, that it was his "intention" to exercise the option and that Mr. Scott was authorized to act for him. There followed some correspondence about the option, including instructions to Mr. Scott as to how to raise the money and call the option, but at no time did appellee or his agent come forward with the consideration and demand delivery of the stock.

We find nothing in the record that comes closer to exercising the option than the statement that it was appellee's "intention" to do so. "My intention to exercise said option," implies a date to do so at some time in the future, but there is no indication when, nor was it accompanied by the consideration for the stock. It is perfectly evident that the option could not be exercised after April 1, 1944, and then by appellee offering the consideration and making demand on appellant for the stock, which was never done. It may be inferred from the record that Mr. Scott did not exercise the option because he could not find it in appellee's files. Appellant did not deny giving the option, but stated that he had no recollection of doing so.

The terms of the option were such that there was no room for negotiation as to the amount required to take up the stock. Five hundred shares at $7.50 per share was simple to calculate and Mr. Scott might have as well been advised to close the transaction when he was clothed with power of attorney by appellee. We do find where Scott was instructed on December 15, 1943, to "borrow the money to take up the stock and then sell sufficient to pay off the loan." But we do not find where any other instructions were given him or that any other effort was made to exercise the option prior to April 1,

1944. In fact there is no showing to this date that tender in cash or its equivalent has been made to appellant and delivery of the stock demanded.

Appellee attempts to neutralize the foregoing with the contention that appellant's letter of April 29, 1941, and appellee's letter of December 15, 1943, constitute an executory bilateral contract, in that each party promised the other something and each was bound by his promise. The contention is based on the familiar rule that when one buys personal property at a stipulated price and no time of payment is stated, the law presumes that the price will be paid at the time of delivery. In other words, the transaction is for a cash consideration and when this is the case, payment and delivery of the goods are concurrent.

There can be no quarrel with this rule under circumstances where it may be properly invoked, but no such circumstances exist in this case. The time for exercising the option here was as definite as words could make it. From the instructions given Scott we must assume that appellee was aware that his time was limited to April 1, 1944, whether appellant exercised his option to buy the ten thousand shares or not. It is no answer to say that appellee was no more required to trust appelant, than appellant was required to trust appellee. The point is that appellee had an option to purchase that expired on April 1, 1944, and the only way he could exercise it was to put the cash "on the barrel head" and demand delivery of the stock. He cannot, after the time expires, sublimate an inadequate offer devoid of the essence of the contract, into a bona fide offer to exercise his option within the time required.

It is also charged that appellant was responsible for appellee's inaction, in that he repudiated the contract and waived the date for performance. It is a fact that appellee was in the foreign military service when he gave Scott his power of attorney to exercise the option and when he returned to this country, there was considerable correspondence on the point of whether or not appellee had an option, but this all took place after the time limit for exercising expired and since nothing more than an "intention" had been shown to

exercise this negotiation, is not material. It might have been a generous jesture on the part of appellant to have extended appellee's time to exercise his option for a period after he returned to the States, but the law does not so require and time was the essence of the option.

An "intention" to exercise an option of this kind does not meet the requirements of the law. Such options are strictly construed and can be satisfied only by a positive and unequivocal declaration to accept. Orlando Realty Board Corporation v. Hilpert, 93 Fla. 954, 113 So. 100; Bullock v. Harwick, et al., 158 Fla. 834, 30 So. (2nd) 539; Christian-Feigenspan v. Popowska, 75 N.J. Eq. 342, 72 A. 1003; Grey v. Nickey Brothers, Inc. 271 Fed. 249.

We think the option in question was tantamount to a fully executed unilateral contract and required appellee or his agent to tender the purchase price for the stock on or before April 1, 1944. We do not think the charge of repudiation or waiver is well grounded because the pertinent circumstances transpired after the time limit for exercising the option, and failure in this voided the option, so the trial court committed error in denying defendant's motion for a directed verdict. Obviously the circuit judge felt that the present case was controlled by our decision in Coleman v. Baker, 157 Fla. 344, 25 So. (2nd) 862, an appeal from the circuit court of Duval County wherein the merits of the declaration were tested. Holding that conviction he endeavored faithfully to follow what he considered to be the law of the case but this was an appeal from a final judgment rendered after a trial before the judge on the facts.

The judgment appealed from is accordingly reversed with directions to dismiss the action.

Reversed.

THOMAS, C. J., ADAMS and SEBRING, JJ., concur.

CHAPMAN and BARNS, JJ., dissent.

CHAPMAN, J., dissenting:

I am unable to concur in this opinion and judgment because I believe it is in conflict with our previous holding when

the cause was considered and an opinion and judgment prepared by Mr. Justice ADAMS. See 157 Fla. 344, 25 So. (2nd) 862.

BARNS, J., concurs.

BARNS, J., dissenting:

In this case jury trial was waived and the trial judge entered a judgment for the plaintiff on June 10, 1947.

On June 24, 1947, the defendant filed a "motion to vacate the judgment" which was denied on July 29, 1947.

On July 29, 1947, the defendant filed a motion for new trial, which motion plaintiff moved to strike, both of which motions were denied.

The appellee has filed a motion to strike the stenographic report of the trial proceedings, commonly known as a "bill of exceptions," upon the ground that a motion for new trial was not filed within four days and for that reason the sufficiency of the evidence to support the judgment cannot be brought into question.

One purpose of a Motion for New Trial is to procure a ruling of the trial court on matters which have not been considered and adjudged by it under the circumstances existing when the motion is made. It is not the purpose of a Motion for New Trial to merely procure a second ruling on the same subject matter as previously presented and ruled upon without a material change in the circumstances.

Our Common Law Rules provide:

"Rule 74. Exceptions Unnecessary.

"(a) Adverse rulings.—Upon all appellate proceedings in actions at law the appellate court shall review, without exception having been taken in the trial court, any question of law involved in any adverse ruling, order, instruction or thing whatsoever said or done at the trial or prior thereto or after verdict, which thing was said or done after objection made and considered by the trial court, and which affected the substantial rights of the party complaining and which is assigned as error and thereupon the appellate court may reverse, affirm or modify the judgment or order appealed from, and may set aside, affirm or modify any and all the proceed-

ings subsequent to or dependent upon such judgment or order, and may, if proper, order a new trial.

And before the adoption of the foregoing Rule in 1936 this Court had held:

"Where charge directing verdict duly excepted to when given, motion for new trial and ruling thereon not necessary. Greenblatt v. J. R. Bissell Dry Goods Co., 85 Fla. 83, 95 So. 302."

Want of Motion for New Trial does not preclude Supreme Court from reviewing rulings of Circuit Court, exceptions to which, duly taken during trial, are properly embodied in record. Holstun v. Embry, 124 Fla. 554, 169 So. 400.

Section 54.24 F.S. 1941, F.S.A., among other things provides:

"It shall not be necessary to incorporate, in motions for new trials, any matters in pais previously excepted to, for the purpose of having the same reviewed by an appellate court. . . . "

Except for good reason, when jury is waived and the trial judge enters judgment, a motion for new trial is not necessary in order for the Supreme Court to consider the sufficiency of the evidence to support the judgment.

Since exceptions to adverse rulings are allowed by rule of court as of course and since the reason for requiring a motion for new trial, when the issues of fact are tried by a jury, are not applicable when a jury trial is waived, the errors of a trial judge or issues of fact tried by him may be considered by this court without the necessity of a motion for new trial. One harmful error on the same point under like circumstances is sufficient for appellate purposes.

The bill of exceptions is very material to this appeal. It is authenticated as provided for by Supreme Court Rule 11 (3) and the motion to strike should be denied.

As stated in the opinion prepared by Mr. Justice TERRELL, what we are impelled to answer is "whether or not appellee exercised his option in the time and manner required by its terms."

The option given by Baker is set forth in haec verba in the case of Coleman v. Baker, 25 So. (2nd) 862, and the purported exercise of this option is likewise set forth therein. Coleman's letter was plead as an exercise of such option and this Court was called upon to adjudicate whether or not the appellee, Coleman, had exercised the option, and this Court, after quoting the offer and acceptance, held the declaration stated a cause of action. The declaration in this suit is substantially the same as in Coleman v. Baker (supra) and the trial judge found for plaintiff upon the declaration and defendant's pleas.

The option seems to have been without consideration, therefore could have been withdrawn before acceptance. It was not withdrawn before the purported acceptance.

If Baker had seen fit to require the option to be exercised by the tender of cash, he could have so specified. After the offer was made and accepted it became an executory contract, subject to either party's placing the other in default as to performance in accordance with the principles of law set forth in Sandford v. Cloud, 17 Fla. 532.

Coleman, in his letter of acceptance of Baker's offer or exercise of his option dated December 15, 1943, did state: " . . . I do hereby state it is my intention to exercise said option . . . " If this was subject to a construction of a *future* intention or a *present* intention, then in the prior case it was given the latter construction, wherein this Court stated that "the plaintiff's letter was 'an election.' " If we are to now conclude that it was not, we must give a better reason.

The ruling in Coleman v. Baker, supra, was only conclusive as to the sufficiency of the declaration. It was in this case subject to proof and defensive peadings and proof.

The trial judge found the issues upon the pleading to have been established in favor of the plaintiff, Coleman, and if the judgment is to be reversed it must be on the ground that the evidence fails to support the issues on behalf of the plaintiff-appellee, and that it was thereupon error to enter judgment for plaintiff. I fail to find that the appellant has carried this burden.

CHAPMAN, J., concurs.