BARKDULL, Judge.
Appellant, plaintiff below, brings this appeal seeking to review a final judgment for the appellee in an action for a broker’s commission.
The appellee entered into a contract with George Stamos and Evelyn I. Stamos, whereby the appellee received an option to purchase certain lands of the Stamos’ on or before April 9, 1960. The option agreement contained the following clause:
“I, the President of Coral Television Corporation, agree in the event that this option is not exercised, that Coral Television Corporation will pay to Nat *438 Ratner, Realtor, the sum of $750.00 for services rendered.”
The option was not exercised by the ap-pellee and, in fact, some two months later, on June 6, 1960, the appellee and the Stamos’ entered into another agreement extending the original option. The appellant was not a party to and in no way consented to the so-called extended option agreement.
The sole question to be answered in determining this appeal is whether or not the appellant’s cause of action matured upon the failure of the appellee to conclude the purchase on or before April 9, 1960, the date set in the original option agreement. An option is a continuing offer on the part of the optionor to sell and, if limited to a certain time, it must be accepted by the optionee within the terms of the option; and, if not accepted within the time specified, the right to do so is lost. Acheson v. Smiths, Inc., 110 Fla. 240, 148 So. 576; Baker v. Coleman, 160 Fla. 297, 34 So.2d 538; 33 Fla.Jur., Vendor and Purchaser, §§ 15, 19, 20, 21. While it is true that failure to exercise an option may be waived or the option may be extended, it appears that such waiver or extension is based on a new contract. 28 Fla.Jur., Sales § 25; 33 Fla.Jur., Vendor and Purchaser, § 15.
This record clearly reveals that the ap-pellee did not exercise the original option within the time specified. The appellant’s right to collect the $750.00, as per the option agreement, accrued simultaneously with the appellee’s failure to exercise its option. This right of the appellant was clearly recognized by the appellee, for the record discloses that the appellee paid the appellant $250.00 of the $750.00 subsequent to its failure to exercise the option. While it is true that if the appellant had consented to the extension of the option, he would not be entitled to recover. The record is clear that he did not consent and, therefore, he cannot be bound by the agreement extending the option.
The final judgment in this cause is reversed with directions to enter a judgment for the appellant, as plaintiff, for the $750.00 agreed compensation, less the $250.00 paid on account.
Reversed with directions.