ALLEN, Acting Chief Judge.
Appellant, plaintiff in the lower court, appeals a summary final judgment for defendant-appellees. The judgment was entered upon the complaint and exhibits thereto and it is in these that the uncontradicted facts are found.
In October of 1960, the appellee Kurt E. Volk, as guardian for his father, Kurt H. Volk, executed a Sales Agency Contract with appellant Slater, a realtor. Under the contract, Slater was to find a purchaser ready, able and willing to purchase certain described property owned by Kurt H. Volk. Appellees Volk and Varón, the senior Volk’s attorney, advised Slater that appellee Kurt E. Volk was the guardian of and charged with managing the affairs of the incapacitated Kurt H. Volk.
*689 In consequence of his efforts, appellant Slater was able, in December of 1960, to secure a deposit and signed deposit receipt contract from a Mr. and Mrs. Fink. This contract contained a provision, inter alia:
“In the event the transaction is not consummated by the purchaser as above provided, due to default of the purchaser, the sum this day paid shall be retained by the seller as liquidated and agreed damages, and the parties shall be relieved of all obligations hereunder.”
Having (allegedly) complied with the provisions of his sales agency contract, Slater delivered the signed deposit receipt contract to Varón. Appellee Varón informed him that appellee Volk would have to “make the decision.” Slater contacted Volk (“immediately flew north * * * ”) in Connecticut where Volk refused to see or talk to Slater and refused to execute or cause the deposit contract to be executed.
Subsequently, the senior Volk died and his attorney, appellee Varón, was appointed Administrator, C.T.A. Appellant filed a claim against the estate seeking the amount of his commission under the sales agency contract as damages for appellees’ alleged breach in failing to conclude the transaction. Objection to the claim was made and this suit ensued.
In granting summary judgment to defendant-appellees, the lower court apparently based its decision on the view that the “contract” procured by appellant was a mere option and that appellant had not, in fact, secured a willing and able purchaser. The court commented that the provision of the “contract” quoted above “falls directly within the scope of Orange City Hills, Inc. v. Florida Realty Bureau, Inc., Fla. App., 119 So.2d 43. * * *” This conclusion, and the alleged rejection of appellant’s argument that appellees were estopped by their conduct from obj ecting to the terms of the “contract” in defense to appellant’s action, constitute the subjects of the points urged on this appeal.
Turning first to appellees’ contention, adopted in the lower court, that appellant did not procure a ready, willing and able purchaser, we cannot agree that Orange City Hills, Inc. v. Florida Realty Bureau, Inc., Fla.App. 1960, 119 So.2d 43, cert. dismissed Fla., 125 So.2d 880, is conclusive of the issue. The facts in that case were materially different from those disclosed in the record in the instant case. In the Orange City Hills case the “contract” tendered by the realtor contained a liquidated damage provision essentially similar to that contained in the “contract” here at issue. Denying recovery of commission to the realtor, the court commented:
“The basic insufficiency of the proposed contract tendered to the seller in this case rests in the fact that it is nothing more than an option to purchase. The above quoted paragraph 7 thereof provides for automatic termination of the contract and retention by the seller of the $2,000 binder as liquidated damages upon failure of buyer to pay the additional sums called for by the contract. It is elemental that the presentation of an option to purchase instead of a firm contract of bargain and sale is not compliance with the requirement that the broker procure a purchaser ready, willing and able to purchase in accordance with the terms of the listing here involved. Whether the instrument is an option is determined by its content, its basic features, not what it is called. * * * ”
However, the apparent singularity of ground for decision reflected in the foregoing was almost immediately contradicted when the court wrote:
“ * * * We hold, in fine, that where the contract is permeated with provisions, as is the contract here, rendering it in essence an option to purchase rather than a contract to purchase, the broker has wholly failed to *690 make out a prima facie showing of performance under the listing contract.”
This latter reference to (plural) provisions permeating the “contract,” viewed in light of all of the facts disclosed in the opinion, clearly distinguishes that case from the case sub judice.
The authority more on point is that of the Supreme Court’s unanimous decision in Acheson v. Smith’s, Inc., 1933, 110 Fla. 240, 148 So. 576. Although the opinion in the latter case does not disclose the exact provisions of the “contract” obtained by the realtor, it is apparent that said contract entailed an initial payment which would be forfeited in the event of the purchaser’s default. Responding to appellees’ argument that this provision made the contract an option, the court wrote:
“The determining factor in this case is whether the parties to the contract intended that the payment of the $2,-000 should be regarded as a partial performance of the contract of sale, tire said sum, of course, being subject to forfeiture should the vendee default in the subsequent payment of the $6,-500 within the prescribed time of thirty days, or that the payment of the said sum should be regarded as the purchase price of an option to buy the property. The defendant contends that the parties did not intend for this to be a sale in praesenti or a contract to sell in praesenti, but that the payment of the $6,500 in thirty days was a condition subsequent which would bring the contract into existence. This contention is altogether unfounded, * *
The foregoing, and particularly the allusion to intent as determinative of the construction to be placed on the “contract” militates against any finding, at this point, that the “contract” in the instant case was an option. In short, we hold that the inclusion of the liquidated damage clause in the tendered contract will not, under the circumstances thus far disclosed, preclude relief as a matter of law. Accordingly, the summary judgment must be reversed and the cause remanded for further proceedings.
Upon remand of the cause the lower court will doubtless be confronted with the question of estoppel raised in this court by appellant. In essence appellant contends that appellees are estopped by their conduct from objecting to the terms of the contract in defense to appellant’s claim. Appellant cites, inter alia, the Supreme Court’s decision in O’Bryan v. Linton, Fla. 1949, 41 So.2d 169, and Judge Wigginton’s persuasive dissent in Orange City Hills, Inc. v. Florida Realty Bureau, Inc., supra. However, absent any indication in the record that this point was presented or determined in the lower court, we deem it unnecessary and improper to discuss the issue at this time.
Reversed and remanded.
WHITE, J., and HODGES, JOHN G., Associate Judge, concur.