PER CURIAM.
The appellant was the plaintiff in an action for declaratory judgment. It sought a declaration that it had properly terminated an agreement between the parties by which appellee was granted the right to have ap-pellee’s tenants use appellant’s swimming pool. This appeal is from a judgment declaring the agreement valid and holding that appellant’s attempt to cancel the agreement was not effective.
The appellees purchased an apartment house from appellant’s predecessor in title. At that time appellee received as a part of the purchase an agreement entitled “Easement Agreement” which granted to appel-lee the right to have appellee’s tenants use appellant’s swimming pool. The agreement specified that it was an easement and should be “deemed to be coupled with an interest to run with the land.” It further provided that the agreement was for one month and that it was, “renewable from month to month at the option of Superior Apartment, Inc. (appellee’s) * * * said option to be exercised by the tender to Trio Motel, Inc., its successors and assignees of the sum of $50.00 * * * each and every month on the first day of the month.”
It was the custom of the appellee to mail the check for the $50.00 a few days after the first day of each month and for many months the appellant accepted these checks. On May 2, 1970, appellee mailed its check. On May 5th appellant received the check and on the same day returned the check with a letter stating that the agreement had been terminated.
Appellant argues two points on appeal. First, that the agreement was a renewable option and should have been terminated because of the strict compliance required to exercise an option. Baker v. Coleman, 1948, 160 Fla. 297, 34 So.2d 538. The trial judge held that the plaintiff was estopped to assert the forfeiture of the agreement because he had, over a period of many months, accepted payments a few days late. This holding was not error under this case, see Carlton Estate v. Keller, Fla.1951, 52 So.2d 131.
Appellant’s second point urges that the agreement was void because of the rule against perpetuities. This position is not well founded inasmuch as the agreement is coupled with an interest in the land. Traywick v. Transcontinental Gas Pipe Line Corp., 277 Ala. 366, 170 So.2d 802; 70 C.J.S. Perpetuities § 11 (1951).
We expressly decline to hold that the agreement before the trial court is a perpetual easement because such a decision is not necessary to a decision upon the points on appeal. We note that the declaratory judgment refers to the agreement by its title only. The title of an instrument does not determine its legal effect.
Affirmed.