SWANN, Chief Judge.
R.W.S. Investment Corp. sued Maulé Industries, Inc., and others and sought specific performance under its alleged right of first refusal to purchase certain real property owned by Maulé. The trial court entered a summary final judgment for Maulé and plaintiff has appealed.
The contract provision which is the subject matter of this action for specific performance provides:
“It is further agreed by and between the parties hereto that the Seller [Maulé] does herewith grant to the Purchasers a right of first refusal concerning any offers to purchaser Seller’s lakefront property described in the blueprint * * *.
“This right of first refusal shall only extend as long as said purchase money mortgage is in good standing and not in default.”
The purchase money mortgage referred to above was satisfied and cancelled of record on September 30, 1966. Plaintiff made demand on Maulé in 1969 to exercise its alleged right of first refusal.
We affirm. The purchase money mortgage contained language providing that upon payment of the promissory note the mortgage and the estate created should “cease and be null and void”. We agree with the trial judge that when the note was paid and mortgage satisfied it became null and void and it could no longer be in good standing and the right of first refusal, therefore, expired on September 30, 1966. See Jefferson Insurance Company v. Fischer, Fla.1964, 166 So.2d 129; McGhee Interests v. Alexander Nat. Bank, 102 Fla. 140, 135 So. 545 (1931); and Ratner v. Coral Television Corporation, Fla. App.1962, 139 So.2d 437.
We also affirm the action of the trial judge in denying the plaintiff’s motion to amend its complaint to seek reformation of the contract. The proposed amended complaint contained no allegations of fraud, misrepresentation, or mistake which would give rise to an action for reformation of the contract; the contract was sufficiently clear to express the mutual intent of the parties and there was no mistake of fact or law in the original contract. See Camichos v. Diana Stores Corporation, 157 Fla. 349, 25 So.2d 864 (1946); and 5 Fla.Jur. Cancellation, Reformation, Etc. §§ 93 and 94.
The summary final judgment heretofore entered is, therefore,
Affirmed.