PER CURIAM.
In this action to recover a broker’s commission plaintiff-appellant, Sidney Zwirn, seeks review of an adverse summary judgment entered by the lower court. It is clear from the record on appeal that plaintiff and defendants, Leo Gelvan and Simon Weinstein, were all acquainted with one another and that on numerous occasions business deals involving the sale and purchase of land were transacted between the parties. It is also clear from the record that defendant Gelvan had land, the subject property in this action, that was for sale and any broker finding a purchaser was entitled to a commission once a contract for sale was executed and the transaction concluded.
Plaintiff urges that he was specifically requested by Gelvan to find a purchaser for the subject property and as a result of his efforts, Weinstein became interested in the property. Arising out of the meetings with the defendants an agreement was reached which plaintiff interprets as an executed deposit receipt and sale purchase contract which was modified at a later date.
The trial court viewed the instrument and the latter modification as constituting an option to buy which had not yet been exercised. Based upon the court’s reading of the instrument, it granted the defendants’ motion for summary judgment, but it additionally held that the judgment against Zwirn was without prejudice to his right to assert the existence of a cause of action in a later suit should it develop that the option is subsequently exercised by defendant Weinstein and a closing held.
An option to purchase real property gives the option holder the contractual right to purchase the property covered by the option under the terms and conditions of the agreement. South Inv. Corp. v. Norton, Fla.1952, 57 So.2d 1; Warren v. City of Leesburg, Fla.App. 1967, 203 So.2d 522. To determine whether an instrument is an option to purchase particular lands or a firm contract of sale, one must look to the actual effect of the instrument rather than what the instrument is called by the parties. If an instrument is permeated with unresolved provisions and contingencies it is rendered, in essence, an option to purchase rather than a firm contract to purchase. A broker, whose contract requires a closing, has failed to make a prima facie showing of his performance if an option to purchase is executed rather than the actual ultimate sale and closing. Slater v. Varon, Fla.App. 1964, 162 So.2d 688; Orange City Hills, Inc. v. Florida Realty Bureau, Inc., Fla. App. 1960, 119 So.2d 43.
“It is elemental that the presentation of an option to purchase instead of a firm contract of bargain and sale is not compliance with the requirement that the broker procure a purchaser ready, willing and able to purchase in accordance with the terms of the listing here involved. Whether the instrument is an option is determined by its content, its basic features, not what it is called. 8 Am.Jur., Brokers, Sections 176, 177; 12 C.J.S. Brokers § 86 c, p. 198.” Orange City Hills, Inc. v. Florida Realty Bureau, Inc., supra at 47.
In the instant case a completed transaction and closing were required before plaintiff could receive his commission. Rather than the transaction being completed and the property closed, an agreement was reached between the defendants which included indefinite and unanswered questions concerning the sale, such as how much acreage would be involved in the sale and how long after the compliance with certain conditions precedent would the closing take place. These vague and indefinite contingencies and unresolved provi *541 sions of the agreement render it an option to purchase as was correctly determined by the lower court.
At the time this action was commenced and up to and including the present, the option given to defendant Weinstein was never exercised, the property was never closed and the plaintiff was not entitled to, his commission.
Accordingly, the judgment of the lower court should be and hereby is affirmed.
Affirmed.