HENDRY, Judge.
Appellant, defendant in the trial court, seeks review of a final judgment awarding to the appellee the sum of $17,371.92, plus costs, based upon the appellee’s complaint for breach of a lease agreement.
The parties entered into an agreement whereby the appellant rented four heavy earth-moving machines from the appellee.
The lease specifically provided that the machines would be returned by the lessee to the lessor in the same condition as they were in when rented, less normal wear and tear.
*579 The appellee filed this action alleging that the appellant failed to return the machines in the manner provided for in the agreement, and therefore it was required to make the repairs for which it had incurred damages.
In its answer and counterclaim and at trial, the appellant maintained that the parties had entered into a supplementary option agreement in which the appellee agreed to apply 90 per cent of the rental payment towards purchase of the machinery.
As its only point on appeal, the appellant attacks the measure of damages employed by the trial court, arguing that at the time it returned the machines to the appellee it only owed $6,000 in order to own the four machines outright.
Therefore, appellant asserts that the amount of damages as excessive wear and tear was limited at least by that figure, since it could have acquired ownership of the machinery simply by exercising its option.
Appellant relies on the elementary principle of contract law established in the famous English case of Hadley v. Baxendale, 9 Exch. 341 (1854) contending that the parties contemplated that any damages for repairs would be limited by the option to buy which was offered by the appellee to the appellant.
We cannot agree with this reasoning because it is clear that the appellant as the optionee did not exercise its rights within the time specified under the option agreement, and therefore whatever option rights it had were lost. Cf., Goodman v. Goodman, Fla.App.1973, 290 So.2d 552, 555; Ratner v. Coral Television Corp., Fla.App. 1962, 139 So.2d 437.
Accordingly, we hold that the trial court applied the correct measure of damages which was based on a breach of the following provision of the contract:
“Lessee shall be responsible for the operation and maintenance of the equipment until the expiration of the rental period, after which time he will return the equipment freight prepaid to the lessor’s place of business in Miami or equi-distant point, in the same condition as when originally rented, less normal wear and tear.”
For the reasons stated, the judgment appealed is affirmed.
Affirmed.