317 So.2d 776 (1975)
Ben D. WILDER D/B/a Southland Associates Realtors, Appellant,
v.
Joseph M. BURTON, Appellee.
No. 74-1436.
District Court of Appeal of Florida, Third District.
August 12, 1975.
*777 Caidin, Rothenberg, Kogan & Kornblum, Miami, for appellant.
Smathers & Thompson and Earl D. Waldin, Jr., Miami, for appellee.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Southland Associates Realtors, plaintiff in the trial court, appeals an adverse summary final judgment in an action to recover a real estate broker's commission.
Defendant-appellee, Joseph M. Burton, is the owner of certain real property located in Monroe County. Early in 1973 Burton orally authorized an agent of Southland Associates Realtors to procure a purchaser for the subject realty for the price of one million dollars.
Southland communicated to Burton two offers of purchase from a Mr. Bernstein. Both offers were rejected. On August 6, 1973 Southland presented to defendant Burton a "so called" contract to purchase executed by the J.A. Valls Construction Company as purchaser. The contract was conditioned, inter alia, upon the purchaser being able to retain rezoning for commercial use, permits to use the basin and channel as a marina, all necessary water, building and sewer permits, filling and dredging permits. The contract further provided that the closing would be held 90 days from the fulfillment of the last of these conditions precedent. Burton refused to enter into the agreement and the property remains unsold to J.A. Valls Construction Company or anyone else.
Thereafter, Southland filed the instant complaint to recover a real estate commission of 10% of the purchase price of $1,050,000 or $105,000 for allegedly procuring a purchaser ready, willing and able. Defendant Burton answered and after extensive discovery moved for summary final judgment. After a hearing was held thereon, the trial judge determined that the agreement executed by J.A. Valls Construction Company was not a firm contract to purchase but an option to purchase. Thereupon, summary final judgment was entered in favor of the defendant Burton. Southland appeals therefrom.
The established rule in this jurisdiction is that a broker who is employed to find a purchaser is entitled to compensation if he produces for the owner a purchaser who is ready, willing and able to purchase on the terms prescribed by the owner. See 5 Fla.Jur. Brokers § 42 (1955) and cases cited therein.
The record in the case at bar reflects that broker Southland submitted the alleged contract to purchase which plainly contained terms and conditions unacceptable and unagreed to by the seller. Thus, plaintiff Southland failed to make a prima facie case that it was entitled to a commission. Furthermore, we are in accord with the trial judge that the subject contract *778 with its numerous conditions submitted by the broker to the owner was at the most an option to purchase and the broker's claim for a commission must fail. See Orange City Hills, Inc. v. Florida Realty Bureau, Inc., Fla.App. 1960, 119 So.2d 43; Zwirn v. Gelvan, Fla.App. 1972, 268 So.2d 539.
For the reasons stated and upon the authorities cited, the final summary judgment herein appealed is affirmed.
Affirmed.