GEORGE M. HUBBARD AND T. W. HOOD AS COPARTNERS UN-
DER THE FIRM NAME OF HUBBARD & HOOD, PLAINTIFFS IN
ERROR, v. H. L. ANDERSON, DEFENDANT IN ERROR.

1. Where there is a plea of the general issue, an additional
   plea amounting to the general issue is properly stricken
   out on motion.

2. To authorize the striking out of a plea, it must be not only
   informal and bad, but it must be wholly irrelevant.

3. A motion for compulsory amendment and the order of the
   court granting the motion should point out in what par-
   ticular the plea is defective and needs reformation.

This case was decided by Division B.

Writ of Error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the
Court.

*Allred & Davis,* for Plaintiffs in Error.

*R. L. Anderson,* for Defendant in Error.

PARKHILL, J. The defendant in error, plaintiff below,
sued the plaintiffs in error in an action of assumpsit.
The declaration, leaving off the formal parts, is as fol-
lows: "Whereas in the county aforesaid the defendants
were on the first day of August, 1903, indebted to the
plaintiff in the sum of $225.00, being the price and value
of a certain pump before that time sold and delivered by
the plaintiff to the defendants, and being so indebted and
in consideration thereof, the defendants then and there

promised the plaintiff to pay the plaintiff the said sum of money; that the same is now overdue and no part of same has ever been paid," &c.

On the 5th day of October, 1903, the defendant filed the following pleas: 1st. That they never were indebted as alleged.

, 2nd. That they never promised as alleged.

3rd. They deny that the plaintiff ever sold these defendants any pump as alleged.

4th. Defendants further say that the matters and things set forth and alleged in the declaration in this cause and the claim therein set forth, were set forth as ground of action by the said plaintiff in a pretended petition in bankruptcy against these defendants in the District Court of the United States, wherein the said plaintiff and others were petitioners; that the said account sued on here was in issue in the said cause and that the said District Court of the United States for the Southern District of Florida wherein said cause was pending, after full hearing on the pleadings and proof dismissed the said petition at the cost of the said Anderson and the other petitioners, without any reservation whatever; that said dismissal was upon the merits of said petition which, among other things, involved the question of the liability of these defendants upon the same claim or account here set forth; and the matters now in issue between the parties were thereby adjudicated.

5th. These defendants further say that the said Anderson is indebted to them in a large sum of money, to-wit: in the sum of $790, for the following items of property, to-wit: 181 rails 24 feet long, 30 and 40 pound rail, $570.00; two hoisting drums and frictions $200.00 and one saw gummer, Diston make, all of which items of property

were loaned by these defendants to one H. G. Hossard and used by him in a phosphate mine near Julieth, Florida, and were there found by the said Anderson sometime in the summer of 1900, and were by him converted to his own use; wherefore these defendants say that the said Anderson is indebted to these defendants in the sum of $790.00, which sum they are ready and willing to off set against his claim, and pray judgment of the court for any balance found in their favor.

The plaintiff joined issue on the first and second pleas, and moved to strike the third plea, and to require amendment of the fourth and fifth pleas.

On the 17th day of February, 1904, the court ordered a reformation of the third and fourth pleas, and on the 23rd day of March, 1904, the court struck out the fifth plea. Then followed a trial by a jury, a verdict and judgment for the plaintiff. From this judgment the defendant sued out a writ of error.

The first error assigned is that the court erred in its order of February 17th, 1904, striking the third and fourth pleas. This order is as follows: "This cause came on to be heard on motion to compel a reformation of the third and fourth * * * pleas, and the same being considered, is sustained." From this it would seem that the court did not strike these pleas. There was no motion to reform the third plea, but a motion to strike it. The trial, however, proceeded as if the third plea had been stricken out. The court so regarded it, and in this there was no error. This plea presented a defense available under the general issue and ought to have been stricken out.

There was no error in the order requiring a reformation of the fourth plea. This was a bad plea both in form and substance.

The second assignment of error is that the court erred in its order filed March 23rd, 1904, striking the fifth plea. There does not appear to be any motion to strike this plea, but only a motion to reform; and this last motion is defective in not pointing out in what particulars this plea was defective and needed reformation. It seems to us that if this plea had followed the form prescribed in subsection 6 of Section 1075, Revised Statutes of 1892, and had used language making it clear that the tort involved was waived, and that the defendant only claimed the value of the articles described therein, the plea would have been unobjectionable. These were formal defects, and the plea could have been amended so as to avoid them, if the order of the court had pointed them out, and opportunity had been given for amending. 19 Am. & Eng. Ency. Pl. & Pr., 762. We think the court erred in striking out this plea.

The judgment is reversed at cost of defendant in error, with directions that the defendants be allowed opportunity for amending the fifth plea, and for such other proceedings as may be conformable to law.

TAYLOR, P. J., and HOCKER, J., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.