BRADDY & HALE FISHERY COMPANY, A CORPORATION, *Appellant*, v. W. R. THOMAS, *Appellee*.

Division B.

Opinion Filed February 19, 1927.

1. Section 3822, Revised General Statutes of Florida, 1920, has reference only to such a conveyance, transfer, mortgage or interest in real estate as carries with it the full title or some valuable interest therein and has no reference whatever to void conveyances, mortgages or transfers that in no wise affect the title or right in the real estate covered thereby.

2. The grantee under a quit-claim deed is not regarded as an innocent purchaser for value and without notice in this State.

3. A void tax deed may be color of title under our statute of which adverse possession may be established.

An Appeal from the Circuit Court for Levy County.; A. V. Long, Judge.

*W. K. Zewadski,* for Appellant;

*Hampton & Hampton,* for Appellee.

PER CURIAM.—Although initiated for the purpose of quieting title, this suit soon materialized into a contest over the title to the southeast quarter of the southeast quarter of Section Thirty and Lot One, Section Thirty-one, all in Township Fifteen, South Range Thirteen East, lying and being in Levy County, Florida.

Appellant, who was complainant below, filed its original bill of complaint against appellee, defendant below, August 12th, 1913. Notice of *lis pendens* was duly filed and recorded at the same time. On motion of the appellee entered September 8th, 1925, said bill of complaint was dismissed "without prejudice." November 25th, 1925, the bill in the instant case was filed seeking the same relief as the original bill, the parties and subject matter of litigation being identical in each case.

Appellant in its bill deraigns title to the lands in question through two chains, viz.: (1) A patent issued to Thomas H. Parsons, who died leaving as his sole heir-at-law, Thomas J. Parsons, who died testate, leaving the said lands by last will to Langdon B. Parsons, who by quit-claim deed dated April 16th, 1912, conveyed said lands to complainant. (2) A tax deed issued by the State of

Florida to C. A. Lindsay and W. J. Epperson in 1913, who in turn August 4th, 1913, executed their quit-claim deed to appellant covering said lands. Appellant also alleges possession with certain defined exceptions continuously since the date of the Langdon B. Parsons quit-claim deed.

Appellee in his answer denied appellant's possession of the property and alleged his actual possession of it and occupancy of part of it at the time of the execution of the quit-claim deeds by which appellant claims and for many years prior to and subsequent to said deeds continuously to filing of the bill of complaint. In his answer appellee deraigns his title from a deed executed by Thomas H. Parsons to John Parsons, February 1st, 1854, who in turn, June 30th, 1856, deeded said lands to Florida Railroad Company and thence by mesne conveyances to appellee. The last mentioned deeds from Thomas H. Parsons to John Parsons and from John Parsons to the Florida Railroad Company were not recorded in Levy County, Florida, till August 24th, 1925.

This appeal is from an order denying exceptions to and a motion to strike certain portions of the answer to the bill, both the exceptions and the motion to strike being directed to the same parts of the answer.

It is first contended that the Chancellor erred in refusing to strike that portion of the answer relating to the deed from Thomas H. Parsons to John Parsons and from John Parsons to the Florida Railroad Company, because the said deeds not having been recorded till August 24th, 1925, appellant was as to them, an innocent purchaser for value without notice.

This contention is predicated on the protection afforded by Section 3822, Revised General Statutes of Florida, the pertinent part of which is as follows:

"No conveyance, transfer or mortgage of real property,

or of any interest therein, nor any lease for a term of one year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law.''

It cannot be questioned that this provision of the law has reference only to such a conveyance, transfer, mortgage or ''interest'' in real estate as carries with it the full title or some valuable interest therein and has no reference whatever to void conveyances, mortgages or transfers that in no wise affect the title or right in the real estate covered thereby.

In the case at bar the answer alleges that such interest as Langdon B. Parsons acquired in the lands involved in this suit was acquired by the will of Thomas J. Parsons, which provided that, ''I give to my son, Langdon, aforesaid all lands and tenements I may own in the State of Florida.'' The will designated no specific lands, and at the time it was executed Thomas J. Parsons had in fact previously conveyed to others the lands in question. This being true the will did not touch them nor did the quit-claim deed from Langdon B. Parsons to appellant dated April 16th, 1912, convey any right, title or interest whatever in them. Appellant was not then a purchaser for value and without notice as to Langdon B. Parsons as contemplated by the law as above quoted. Snow & Long v. Lake's Administrator, 20 Fla. 656; Fries v. Griffin, 35 Fla. 212, 17 So. 66.

If the tax deed to Lindsay and Epperson was void as alleged in the answer the same rule applies to it. The deed from Lindsay and Epperson to appellee was a quit-claim deed and the grantee under such a deed is not regarded as an innocent purchaser without notice in this State. A motion to strike admits the allegations of the answer. A

void tax deed is, however, color of title under the statute (Sec. 2935, Revised General Statutes of Florida) by which adverse possession may be established. Carn v. Haisley, 22 Fla. 317; Gilbert v. Southern Land Co., 53 Fla. 319, 43 So. 754. The allegations of the bill here do not ·meet the requirements of the statute to show title by adverse possession.

This being our conclusion other questions raised become unimportant in the disposition of this cause, so the decree of the Chancellor is affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur;

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.