F. L. BATCHELDER, *Plaintiff in Error*, VS. GEORGE PREST- MAN, *Defendant in Error*.

138 So. 473.

En Banc.

Opinion filed December 11, 1931.

*Booth & Dickinson*, Attorneys for Plaintiff;
*Cook, Blanchard & Hoffman*, Attorneys for Defendant.

DAVIS, Commissioner:—The plaintiff, who is defendant in error here, declared upon the common count for work done and materials furnished, the three money counts, and also upon a special count for a commission for "finding a purchaser" for a ninety-nine year lease upon certain property therein described, by virtue of an employment of plaintiff "together with Florida Investment Service, Inc., and Harry G. Kingsland." The defendant (plaintiff in error here) pleaded the general issue to the common counts and in pleading to the special count, he denied that he employed the plaintiff to find a purchaser for the property described in the declaration. He further alleged in substance, that he did not own a ninety-nine year lease upon such property; that he employed the plaintiff and some associates to find someone, ready, able and willing to take from defendant, a ninety-nine year lease upon the property, to which he, the defendant, had a fee simple title; that a lease was made and delivered to the party procured by the plaintiff, who was a stranger to defendant; and an initial payment of $10,000.00 on the first year's rent of $27,000.00, was made to defendant, and as a part of the transaction, and on the same day, plaintiff and his associates signed and delivered to defendant, a writing containing the following clause: "It is also understood, that this commission is to be paid in proportion as you receive your first year's rent"; that plaintiff's total commission on the transaction was $1,600.00; that he had been overpaid his commission on the $10,000.00 by $25.52, and that the balance of $17,000.00 on the said first year's rent had not been paid, the said lessee having disappeared from Florida soon after making the initial payment of $10,000.00. This plea was stricken by order of court upon motion of plaintiff, and the defendant was allowed to file "new pleas to the special count". Thereupon, the defendant filed what he termed an "additional or amended" plea to the said special count, wherein he alleged in substance that he had

employed the Florida Investment Service, Inc., for whom the plaintiff and one Kingsland were their salesmen ''to find a lessee'' of the property described in the declaration, for a period of ninety-nine years, and for which he was to be paid the following sums: $27,700.00 cash, and a like sum for each of the next succeeding nine years, $27,000.00 for each of next succeeding ten years, and $25,000.00 for each of next succeeding seventy-nine years, for which service, when rendered, the said corporation and its said two salesmen were to receive from defendant, $6,400.00, as commission; that plaintiff and associate introduced to defendant, one Caron as a man who was ready, willing and able to take the lease upon said terms, possession of the property to be delivered May 1st, 1926, but the $27,000.00 cash to be paid some months earlier; that Caron was a stranger to defendant, but prior to the execution of the lease, in discussions with the plaintiff and Kingsland, defendant learned that Caron was to get a share of the commission, and this information created in the mind of defendant, the suspicion that Caron was ''shoestringing'' on the money of someone else and on the day when lease was to be executed, it was found that Caron was not prepared to pay the $27,000.00 in cash as stipulated for, but could only pay $10,000.00 and wanted until May 1st, 1926, to pay the remaining $17,000.00, whereupon defendant protested that he could not accept $10,000.00 and pay $6400.00 commission out of that, and that he was ready to abandon the negotiations with Caron, when the corporation by its president, the plaintiff herein, acting for himself, the corporation and Kingsland, as an inducement to defendant to consummate the transaction, proposed to take a pro rata part of the commission out of the $10,000.00, and the remainder out of the $17,000.00; that he would not have signed the lease had not the said corporation through the plaintiff agreed to look to the said $17,000.00 for the principal part of the said commission; that Caron has failed to

pay any part of the said sum of $17,000.00; and defendant was compelled to declare, and have the Court adjudge a forfeiture of the lease, and that the defendant has overpaid the plaintiff his pro rata part of the commission on the said $10,000.00. This plea was also stricken by the court, upon motion of the plaintiff. The common counts were withdrawn, and default was entered on the special count. The cause was submitted to a jury and a verdict was returned for the plaintiff.

There are but two errors assigned, and they call into question the rulings of the court on the motion to strike the original plea, and the "additional or amended" plea to the special count of the declaration.

It has been frequently held here that striking a pleading is a severe remedy and should be resorted to only in cases palpably requiring it for the proper administration of justice. (Roy v. Williams, 55 Fla. 723, 46 So. 158; Southern Home Ins. Co. vs. Putnal, 57 Fla. 199, 49 So. 922; Guggenheimer & Co. vs. Davidson, 66 Fla. 20, 63 So. 300), and that a plea must be wholly irrelevant to authorize striking thereof. McIver vs. Croom, 60 Fla. 123, 53 So. 545; St. Petersburg Novelty Works vs. Battle, 66 Fla. 303, 63 So. 445; Southern Home Ins. Co. vs. Putnal, 57 Fla. 199, 49 So. 922; Crandall Florida Common Law Practice 99.

The "additional or amended" plea sets up a contract different in certain respects from the contract declared upon by the plaintiff. The plea avers in effect that the agreement was for the plaintiff and his associates to find a lessee of the property described in the declaration, for the period of ninety-nine years, for an amount and upon the terms stated in the plea, of which amount $27,000.00 was to be paid in cash; that of said sum of $27,000.00, only Ten Thousand Dollars could be paid in cash with a promise to pay $17,000.00 on the following May first; that on account of this, defendant was ready to abandon the

transaction because he could not afford to pay $6,400.00, as commission, out of the said sum of Ten Thousand Dollars, but was induced to execute and deliver the lease only upon the plaintiff and his associates agreeing to take a pro rata part of their commission out of the $10,000.00 cash payment, and the remainder out of the $17,000.00, which was never paid. It appears by the allegations of the declaration, that the plaintiff and his associates were to find a purchaser for a ninety-nine year lease upon the property therein described for an amount not stated, except by inference (in the sum of $320,000); that they performed the service and that the defendant executed a lease to the person produced by them.

The declaration does not make it appear that any definite time was fixed for the payment of the alleged commission, and if that was the case it would have been payable on completion of the service rendered by the plaintiff. Murphy vs. Green, 102 Fla. 102, 135 So. 531; Ballas vs. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421. According to the pleas, that was not the contract acted upon.

"A contract or promise to pay may be restricted to a particular fund, so as to make the raising or sufficiency of the fund a condition precedent to the liability, and in such case the promise cannot be enforced until the fund is realized, unless the failure to realize or collect the fund from which payment is to be made is due to the neglect, or to the unreasonable refusal to act, of the promisor, or is otherwise attributable to him." Murphy vs. Green, supra; Ballas vs. Lake Weir Light and Water Co. supra.

A motion to strike a pleading admits the truth of facts well pleaded, and any inferences fairly deducible therefrom. Holgate vs. Jones, 94 Fla. 198, 113 So. 714; Braddy, etc., Fishery Co. vs. Thomas, 93 Fla. 326, 112 So. 55; 49 C. J. 686.

The plea is, in effect, a denial of the making of the con-

tract declared upon. Under the circumstances, the proper thing for the defendant to have done would have been to plead the general issue. See Tripp vs. Wade, 82 Fla. 325, 89 So. 870; Waters Realty Co. vs. Miami Tripure Water Co. 100 Fla. 221, 129 So. 763. Under a general denial, defendant is always at liberty to disprove and overthrow the contract asserted against him by proving that it was materially different from the one so asserted. 13 C. J. 736; 4 Enc. Pl. & Pr. 944; 2 Enc. Pl. & Pr. 1028. Note. If he had pleaded the general issue, the order striking the said "additional or amended" plea undoubtedly would have been proper. Hollingsworth vs. Norris, 77 Fla. 498, 81 So. 782; Poppell vs. Culpepper, 56 Fla. 515, 47 So. 351; Peacock vs. Feaster, 51 Fla. 269, 40 So. 74; Hubbard vs. Anderson, 50 Fla. 219, 39 So. 107; Consumers E. L. & St. R. Co. vs. Pryor, 44 Fla. 354, 32 So. 797; A. C. L. Ry. Co. vs. Crosby, 53 Fla. 400, 43 So. 318.

Since the general issue applicable to the special count was not on file, we cannot say that the plea, which was in effect, a denial of the contract sued upon, was wholly irrelevant. We do not mean for it to be inferred from what is said here that a demurrer or motion for compulsory amendment would not have been in order. We hold merely that in striking the plea, the court erred.

PER CURIAM.—The record of this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929 (Ex. Sess.) adopted by the Court as its opinion, it is considered, ordered, and adjudged by the court, that the judgment of the court below be, and the same is hereby reversed with directions to proceed in accordance with law.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.