MATHEWS, Justice.
This is the third time this case has been before this Court. It is now before the Court on an appeal from a final judgment awarded to the appellee concerning matters fully discussed" in the other two appeals, Sawyer Industries, Inc. v. Advertects, Inc., Fla., 53 So.2d 671, and Sawyer Industries, Inc. v. Advertects, Inc., Fla., 54 So.2d 692.
The first suit related to a common law action. Sawyer Industries was engaged in the business of manufacturing and selling by mail an article known as “Fleurettes,” which consisted of a novelty utilized as a salt and pepper shaker, claimed to be protected by a patent.or a pending claim of patent. Sawyer Industries entered into a contract with Advertects, Inc., which latter corporation was engaged in the advertising business. The contract provided that Advertects, Inc. would prepare and place advertising of the article on a national scale in such magazines as American Home, Woman’s Home Companion, Better Homes & Gardens, Holiday, Harper’s Bazaar, Vogue, Charm, House Beautiful, and others of the same class. Under the terms of the contract Advertects, Inc.’s credit was to be utilized and used to insure the payment of the advertisement so placed. It was agreed that the magazine advertising for September would be paid for in October, the magazine advertising for October would be paid for in November, and the magazine advertising for November would be paid in December.
In this common law suit, claiming full compensation for the advertising to appear in magazines for September, October and November, Sawyer Industries, Inc. filed a denial and also a counterclaim. After a full hearing of the evidence, the Court below in accordance with Rule 43, 30 F.S.A. decided that the counterclaim was without merit and entered a summary judgment for Advertects, Inc. for advertising, according to the contract of the parties, had prior to October, 1950 in the sum of $12,-905.56, leaving undetermined any claim for advertising for the month of October, which payment according to the contract would not be due until November, and pay- *301 merit for November advertising according to the contract would not be due until December.
The above mentioned judgment was affirmed by this Court in the case of Sawyer Industries, Inc. v. Advertects, Inc., Fla., 54 So.2d 692.
After the filing of the suit at law, Advertects, Inc. filed a separate suit in equity asking for the appointment of a receiver for Sawyer Industries, Inc. A receiver was appointed and later discharged. The order appointing the receiver was reviewed by this Court on a petition for writ of certiorari and this Court affirmed the order of the Chancellor by denying the petition for writ of certiorari. See Sawyer Industries, Inc. v. Advertects, Inc., Fla., 53 So.2d 671. The allegations of the bill of complaint were that Sawyer Industries, Inc. had been grossly mismanaged; that one Neil Sawyer, who was managing the corporation, was converting the cash assets to his own use “for the purpose of defrauding, hindering and delaying the plaintiff from recovering the indebtedness due to it;” and that due to this mismanagement, the corporation would become insolvent.
It is, therefore, apparent by the order appointing a receiver, based upon the allegations of the bill of complaint, the Chancellor necessarily found basis for the appointment of a receiver.
On January 2, 1952, pursuant tq the order ,of the Court in the common law action, the appellant here filed a supplemental complaint as follows:
“ * * * in supplement to the allegations, contained in the complaint filed in the above-styled action on October 11, 1950, and for grounds therefor says that in addition to the allegations therein contained and since the filing thereof, the following facts have occurred: All advertising which defendant employed plaintiff to have inserted for publication in various national magazines in the months of October and November, 1950, have since the filing of the complaint of October 11, 1950, been published and issued, but defendant has failed and refused to make payment therefor to plaintiff.”
In due course the defendant filed an answer to the supplemental complaint and the plaintiff filed a motion for a summary judgment together with an affidavit. After a full hearing the Court denied the motion of the plaintiff for summary judgment and entered a final judgment for the defendant. In its order the Court made certain findings of fact and conclusions of law as follows:
“ * * * There is no issue or question about the correctness of the amount claimed by plaintiff or about it having become due under the, contract as to time and circumstances. However, the defendant has urged here that 'plaintiff cannot obtain judgment on the supplemental complaint for items which would have fallen due and payable in November and December, 1950, because the plaintiff sought and obtained the appointment of a Receiver in October, 1950,- and because the Receiver took over 'the business and operated it.
“The Receiver handled the business and took in all the money .that. the business could produce in November and December, 1950, and in certain months thereafter until such time as the advertising which produced the •revenue rah out and no longer had effect.
“It sqems clear to this Court that the defendant corporation, in order to pay for advertising of its product in November and December of 1950, would have depended upon its revenues .derived from its management of the business with the benefit of the advertising which it had purchased. The corporation was excluded from handling its business during the period the advertising was effective.
“On consideration of the authorities cited, this Court is satisfied the prevailing and sound doctrine of law is that an obligation of this kind cannot be enforced against a corporation where a Receiver is appointed, which in effect deprives the corporation of operating *302 and gaining the revenues with which to pay the obligation.
“The plaintiff has had the benefit of the amounts which, the Receiver was able to produce, as a payment on the earlier judgment which the plaintiff did obtain.”
It, therefore, appears that the basis for the summary judgment in favor of the ap-pellee was the Court’s conclusion that the law is “that an obligation of this kind cannot be enforced against a corporation where a Receiver is appointed, which in effect deprives the corporation of operating and gaining the revenues with which to pay the obligation.”
In this case the receiver was not appointed because of any default of the appellant but was appointed because the Chancellor necessarily found that the appellee was at fault and had been guilty of some conduct as alleged in the bill of complaint which justified the appointment of a receiver. When the receiver was appointed, he became subject to the control and orders of the Court and was the Court’s receiver and not the receiver of the appellant.
The appellee cites and quotes from 12 Am.Jur. 957, Sec. 381, as follows:
“A plaintiff cannot prevail in an action for non-performance of a contract, for which non-performance he alone is responsible. If the impossibility of performance arises directly or even indirectly from the acts Of the prom-isee, it is a sufficient excuse for nonperformance. ' This is upon the principle that he who prevents a thing may not avail himself of the nonperformance which he has occasioned. ■ * * ” (Emphasis supplied.)
Even if the above doctrine was applicable it could be of no help to the appellee in this case. It cannot be said that the appel-lee (alone) is responsible for the non-performance of the contract by the appellee. The principal complaint is about the appointment of a receiver and in order for the doctrine to applyit would be necessary that the appellant, and it alone, ■ was responsible. The Chancellor found that the allegations of the bill of complaint concerning the activites of the appellee were sufficient for the appointment of a receiver. In other words, the wrong-doing of the appellee, as set forth in the bill of complaint, was the cause of the receivership.
The contract involved in this litigation is a simple contract. It called for complete performance by the appellant with reference to the preparation and insertion of advertising in national magazines. It provided for payment on the part of the appellee at certain periods. There was nothing for the appellant to do but prepare the advertising and use its credit and money in placing the advertisements. This was done and- the contract was executed by appellant before the receiver was appointed. Nothing-remained for the appellee to do in order to complete the contract on its part except to make payment at the time stated. At the time the first suit.was brought, payment was due by the appellee to the appellant for the advertising placed in magazines in September and no payment was due for the advertising which ha'd been placed for October and November. When the trouble began, the appellant did cancel the advertising for December and thereby minimized the damage as much as possible. The Court below correctly found that there was no dispute as to the amount due and that there was no .defense except that a receiver had been appointed and the business had been so conducted that neither the receiver ■ 'nor the appellee were able to manufacture and sell enough salt and pepper shakers to pay the amount about which there was no dispute.
A person may give a note or a series of notes for valuable consideration, to become due sometime in the future, but it would be no defense to an action on such note or notes that the maker was unable to pay or that his business had not been as successful as contemplated.
Reversed, with directions to set aside the final summary judgment and to proceed further in accordance with this opinion.
TERRELL, Acting C. J., DREW, J., and JONES, Associate J., concur.