84 So.2d 21 (1955)
ADVERTECTS, Inc., Appellant,
v.
SAWYER INDUSTRIES, Inc., Appellee.
Supreme Court of Florida. Special Division B.
December 14, 1955.
*22 Sibley & Davis and Milton E. Grusmark. Miami Beach, for appellant.
Marx M. Faber, Miami, for appellee.
THORNAL, Justice.
Appellant seeks reversal of an order of the trial Judge refusing issuance of a rule nisi which would require the stockholders of appellee corporation to show cause why *23 a judgment held by appellant against the corporation should not be satisfied out of the assets of the individual stockholders. This cause has been before this Court on three previous occasions. See 53 So.2d 671; 54 So.2d 692; and 64 So.2d 300.
Appellant, who was plaintiff below, recovered a money judgment against appellee corporation, which was defendant below. Writ of execution issued and was returned unsatisfied because of the inability of the sheriff to find any assets of the defendant. Thereafter in a proceeding supplementary to execution authorized by F.S. § 55.52 et seq., F.S.A., the statutory affidavit was filed and a Commissioner was appointed to hear testimony and report his findings in the supplementary proceeding.
Among other things, the Commissioner found that A. Neil Sawyer and his wife, Kay Sawyer, hereinafter described as "the stockholders" organized Sawyer Industries, Inc. as a convenient method of doing business without subjecting themselves to personal liability and recommended to the Court that a rule nisi be issued directing the stockholders "to show cause why they should not be held personally liable for the judgment heretofore entered against defendant corporation and be impleaded as parties to the cause".
After an examination of the record, the trial Judge declined to follow the recommendation of the Commissioner and refused the issuance of the rule. He also refused on request to include in his order of denial that it was "without prejudice of plaintiff's right to seek appropriate relief in equity".
Appellant seeks reversal on the proposition that the issuance of the requested rule is merely procedural and that the ultimate question of whether the stockholders should be impleaded and a personal judgment entered against them is one that would have to be determined upon the filing of an answer and the taking of testimony after the rule to show cause was issued and served upon them.
Appellee contends that testimony offered before the Commissioner is insufficient to sustain the issuance of the requested rule for the reason that there is no showing that there are any corporate assets in the hands of the stockholders or that there was any fraud or bad faith either in the organization or in the handling of the assets of the corporate entity.
We have held that the proceedings supplementary to execution authorized by F.S. §§ 55.52-55.61, F.S.A., are intended to afford to a judgment creditor the most complete relief possible in satisfying his judgment. Actually, such a proceeding constitutes a separate legal cause from that of the main suit in which the judgment is procured and it may be employed as a substitute for a creditor's bill in equity. Due process is provided by the opportunity given to the stockholders to answer the allegations of the rule nisi. See Johnson v. Merry Go Round, Inc., Fla. 1950, 45 So.2d 181; and Riley v. Fatt, Fla. 1950, 47 So.2d 769.
In the instant case, however, we are confronted with the problem of whether the factual situation developed by the testimony offered before the Commissioner supports the issuance of such a rule as a procedural approach to piercing the corporate veil and destroying the corporate barrier standing between the judgment creditor and the individual stockholders of the corporation. The corporate veil will not be penetrated either at law or in equity unless it is shown that the corporation was organized or employed to mislead creditors or to work a fraud upon them.
Every corporation is organized as a business organization to create a legal entity that can do business in its own right and on its own credit as distinguished from the credit and assets of its individual stockholders. The mere fact that one or two individuals own and control the stock structure of a corporation does not lead inevitably to the conclusion that the corporate entity is a fraud or that it is necessarily the alter ego of its stockholders to the extent that the debts of the corporation should be imposed upon them personally. If this were the rule, it would completely destroy the *24 corporate entity as a method of doing business and it would ignore the historical justification for the corporate enterprise system.
We therefore hold that in order to justify the issuance of a rule directing individual stockholders to show cause why they should not be held personally accountable for the corporation's debts, there should be a preliminary showing that the corporation is in actuality the alter ego of the stockholders and that it was organized or after organization was employed by the stockholders for fraudulent or misleading purposes, or in some fashion that the corporate property was converted or the corporate assets depleted for the personal benefit of the individual stockholders, or that the corporate structure was not bona fidely established or, in general, that property belonging to the corporation can be traced into the hands of the stockholders.
It isn't sufficient merely to show that the corporation exists and that there are a limited number of stockholders doing business in good faith through the corporate entity. From a procedural standpoint we hold that a showing similar to that suggested in summary above be made before the rule nisi is issued and directed against the individual stockholders. If this requirement were not made then every judgment against a corporation could be exploited as a vehicle for harassing the stockholders and entering upon fishing expeditions into their personal business and assets.
In the case at bar while it was shown before the Commissioner that Sawyer and wife were the sole stockholders of Sawyer Industries, Inc., and that they had almost habitually operated through numerous corporations, many of which had been quite unsuccessful, nevertheless, the present record also shows that the organization of Sawyer Industries, Inc. came about on the recommendation of the officers of the appellant corporation, that there was no fraud or improper conduct in the inception of the defendant corporation and that although its business affairs had been rather poorly handled, there is no showing at all that the stockholders had improperly converted any of its property to their own use or in any fashion fraudulently or inequitably abused their relationship with the corporate entity.
So far as this record shows, the corporation has no property and there is no indication at all that any of the funds or assets of the corporation have reached the individual stockholders or been consumed by them for their personal use. In the state of the record before us, we, therefore, conclude that the trial Judge was correct in holding that the requested rule to show cause should be denied. We construe his ruling refusing to include in his order that it was "without prejudice of plaintiff's right to seek appropriate relief in equity" to be grounded merely on the view that such a provision in the order would be totally unnecessary and that, as a matter of law, the refusal to issue the rule was in actuality without prejudice to such right as the plaintiff might establish in equity. As so construed we find no objection to this conclusion of the trial Judge.
The order appealed from is, therefore, affirmed without prejudice to the appellant to inquire further into the whereabouts of any assets of the corporation if they can be found or to pursue such other appropriate remedy in law or in equity as may to appellant seem advisable and as the complete facts might justify. See Riley v. Fatt, Fla. 1950, 47 So.2d 769.
Affirmed.
DREW, C.J., and THOMAS and ROBERTS, JJ., concur.