CARROLL, CHAS., Chief Judge.
Appellee Charles Hime, a real estate broker, filed an action in the circuit court to recover a commission.
The cause was heard on plaintiff’s motion for summary judgment, on the pleadings and certain affidavits and a discovery deposition of defendant. The court entered a summary judgment for the plaintiff for his commission, which, with adjudicated interest and costs, amounted to $15,417. The defendant appealed.
Appellant contended there was disclosed before the trial court a genuine issue as to whether the plaintiff was the procuring broker. On inspecting the record we conclude that it is not necessary to set out here the nature of the broker’s *194 contention as alleged, and the facts which were before the court as proof thereof, because in defendant’s deposition she admitted such performance by the broker, and in a letter to her attorney prior to the time of closing she acknowledged her indebtedness for the commission and instructed him to pay it.
Appellant further contended that the broker should be denied his commission for withholding from the lessee the information that several thousand dollars remained due on the air conditioning used in the leased premises, which the lessor would expect the lessee to pay. However, as appellee pointed out, although litigation ensued between lessor and lessee over that expense, the lessor eventually paid it, and it did not affect the lease.
It appeared that the broker’s employment contract made the following provision for payment of commission: “Commission for securing lessee, 5% for the 1st 5 years, 3'% for the next 5 years and 2% for the balance of the lease.” On the basis of that provision, and a showing that the lessee breached the lease after 10 months of occupancy thereunder,[1] appellant made two contentions.
First, it was contended that the language used amounted to a provision for the commission to be paid out of a particular fund, and that because the lessee’s breach operated to terminate the lease after 10 months, the fund was not created. The trial court was correct in placing a contrary construction on the language in question, as being a means of determining the amount of the commission rather than the source; that is, the amount or rate of the commission was to be graduated downward based on the length of the term provided for in the lease. The cases cited by appellant (Murphy v. Green, 102 Fla. 102, 135 So. 521; Batchelder v. Prestman, 103 Fla. 852, 138 So. 473) holding that a commission payable out of a specified fund is not payable until such fund accrues, are not applicable here, for the reason we have stated.
Secondly, appellant argued that the quoted language regarding the commission should be construed to require the various stated percentage amounts to be paid in annual installments—at the rate of 5% of the rentals for each of the first five years, and at the rate of 3% of the rentals in each of the second five years, etc. The only authority cited by appellant in support of that contention was the case of Langman v. Vitullo, 70 Pa.Dist. & Co. R. 604 (Common Pleas 1950), which we find neither convincing nor persuasive. That case is distinguishable, since there the broker was paid a commission of 5'% “for his services in negotiating this lease and the collection of the rent”; and in practice the broker deducted 5% of each rental installment as paid. Thus, in addition to the distinction that the broker’s duties continued beyond the time of procurement of the lessee, the cited case showed that the parties had placed a practical construction on their agreement which suited the commission contract in that case, but which the present commission contract would not prompt or support.
The trial court’s construction of the language in question answered those two contentions of the appellant, and properly so. Also, the appellant herself gave a meaning to the disputed terms of the commission contract contrary to her contentions here, when she obtained from the broker his consent to defer payment of half of the full commission for some months, as shown by the letter of defendant instructing her attorney to pay the commission to the broker, $7,000 at closing *195 and $1,233.33 for each of the next six months. The meaning which thus was assigned to their contract by the parties themselves was entitled to considerable weight in determining the intent. See, e. g., Orlando Orange Groves Co. v. Hale, 119 Fla. 159, 161 So. 284, 295.
After examining the record, briefs and appendices, we conclude that appellant has failed to establish error. The trial judge was eminently correct in disposing of this case by granting summary judgment for the plaintiff; and the judgment appealed from is hereby affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.

. The broker’s right to collect his commission for procurement of a proper lessee was not affected by that lessee’s subsequent default after making the lease. See Acheson v. Smiths, Inc., 110 Fla. 240, 148 So. 576; Wauwatosa Realty Co. v. Paar, 1956, 274 Wis. 7, 79 N.W.2d 125, and Restatement, Agency 2d, § 445, comment d (1958).