HORTON, Chief Judge.
The defendants appeal from an adverse final judgment in the sum of $29,650, plus interest and costs. The plaintiffs, in their amended complaint, sought to recover real estate broker’s commission which they alleged was due and owing to them under a written contract entered into between the parties. The contract, which was referred to in the complaint and attached thereto as an exhibit, provided, inter alia:
“Regarding the commissions earned in connection with services rendered by the undersigned, as brokers, in the matter of negotiating a lease on your be^ half, * * *;
“You are to pay the total amount of $137,600 as commission for these serv-' ices.
“It is understood and agreed that the commissions are to be paid over a period of ten years in installments of $13,750 per year as and when the rent is collected by you as lessor under the terms of the lease; it being understood that the first payment shall be made at the time of the closing.
“In accordance with the understanding and agreement of the undersigned parties, this shall act as your authorization to disburse the above stated commission payments in the following manner :
“50% of the amount due in each event shall be paid to the *910 order of Julius Jay Perlmutter Associates, Inc. and the remaining
“50% to the order of Joe Cohen.
“It is specifically understood and agreed that any commissions due or any commissions remaining unpaid under this lease, such amounts of commissions due or remaining unpaid shall automatically become due and payable in full, in the event of the sale by you, your heirs or assigns, of any of the above leased properties.”
The amended complaint alleged that the defendants had paid to the plaintiffs the sum of $108,000 pursuant to the contract and that defendants voluntarily terminated the leases prior to their expiration dates, and since such terminations, have failed and refused to make the remaining commission payments in the total amount of $29,500. By their respective answers, the defendants denied liability under the contract and further denied that they had voluntarily terminated the leases in question. The trial court found for the plaintiffs and defendants have appealed.
Although the final judgment contains no finding of fact upon which the trial court based its decision, we feel that it is necessary for a determination of this appeal to observe that the record contains no evidence upon which the trial court could have found that the defendants voluntarily terminated the leases in question. Further, the record contains a stipulation of fact entered into between the parties which contains the following:
“The leases then existing between Seaboard Hotel Operating Corporation and the defendant corporations were terminated by Seaboard Hotel Operating Corporation (the lessee) on February 20, 1958. Said termination was effected through verbal notice given by the President and Secretary of Seaboard Hotel Operating Corporation to Mohawk, Inc., and by written notice, copy of which is attached hereto and marked Exhibit ‘A’ and by abandonment of possession by Seaboard Hotel Operating Corporation.”
Accordingly, we proceed to the determinative question of whether or not a real estate broker, who enters into a contract providing for payment of the commission out of a specified fund, is entitled to collect the deferred commission when the fund fails to materialize.
We recognize the principles espoused by the appellees that where a promise constitutes a present liability, and payment is postponed until the happening of an event which does not happen, payment must be made within a reasonable time. See Acheson v. Smith’s, Inc., 110 Fla. 240, 148 So. 576; Sawyer v. Hime, Fla.App.1959, 109 So.2d 193. However, we feel that the present case is governed by the rule enunciated in Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421, 423. There, it was held that where a corporate land owner contracted to pay to each of its brokers a stated commission “in consideration of you having effected the sale of” the land to a named purchaser, with the agreement further reciting that a portion of such commission would be paid in cash “as received from the cash payment,” the broker could not recover after the default of the purchaser in making the cash payments. The Supreme Court there stated the applicable rule to be:
“ ‘A contract or promise to pay may be restricted to a particular fund, so as to make the raising or sufficiency of the fund a condition precedent to the liability, and in such case the promise cannot be enforced until the fund is realized, unless the failure to realise or collect the fund from zvhich payment is to be made is due to the neglect, or to the unreasonable refusal to act, of the promisor, or is otherwise attributable to him.’ ” [Emphasis supplied.]
Murphy v. Green, 102 Fla. 102, 135 So. 531; Batchelder v. Prestman, 103 Fla. 852, 138 *911 So. 473; Langford v. King Lumber & Manufacturing Co., 123 Fla. 855, 167 So. 817; Seminole Fruit & Land Co. v. Rosborough-Weiner, Inc., Fla.1950, 43 So.2d 864; Golden Heights Land Co. v. Norman Babel Mortg. Co., Fla.App.1958, 102 So.2d 858; and see Walker & McClelland v. Chancey, 96 Fla. 82, 117 So. 705.
The case at bar presents a situation where the broker was proceeding on a contract under which his commission was to be paid out of a particular fund “as and when the rent is collected.” Since the fund did not materialize, the broker could not recover on his contract.
Accordingly, the judgment appealed is reversed and the cause remanded with directions to enter judgment for the defendants.
Reversed and remanded with directions.
PEARSON and CARROLL, CHAS., JJ., concur.