MILLEDGE, STANLEY, Associate Judge.
The transaction, according to the appellants’ pleadings, is that in August, 1958, they entered into a written contract nominally with Robert F. Bloch, but actual *616 ly with a partnership consisting of Jules Bloch, Lawrence J. Bloch and Robert F. Bloch, by which the latter were to construct for appellants on their land a 30-apartment building in consideration of the actual cost of the building without fees or overhead and the transfer of 30 shares of stock (out of a total of 100) in appellants’ corporation. The builders were to obtain a mortgage loan of $275,000 from Flagler Federal Savings and Loan Association, which was to disburse the borrowed money to Bloch as construction proceeded. To supply additional funds needed for the construction Jules Bloch deposited $15,000 in the Federal Loan Association for the repayment of which appellants executed a non-negotiable, non-interest note dated September 12, 1958, to Jules Bloch. There is no due date fixed in the note. It recites that it is “payable from funds in the possession of Flagler Federal Savings and Loan Association of Miami, as per terms of letter between maker and payee hereof, of even date.” This letter from appellants to Jules Bloch states that: “In the event said building is constructed, it is understood and agreed that the sum of $15,000 shall be repaid to you from the construction fund created by said Association, in partial payments, and as the contemplated improvement progresses, in accordance with the Association’s regulations.” The builders, according to appellants, failed to complete the building according to contract, with resulting damage of $35,000.
Jules Bloch sued appellants on the $15,-000 “note.” Appellants’ answer admitted the execution and nonpayment of the instrument; asserted that it was merely a contract to pay out of a particular fund and that the payment was to be made by Flagler and not the appellants. Appellants filed a counterclaim against Jules Bloch and a crossclaim against the other Blochs (whom they sought to make defendants), alleging that when they dealt with Robert Bloch on the building contract and the relating $15,000 “note” contract with Jules Bloch they were dealing with a partnership consisting of all the Blochs. They sought damages for breach of the building contract against this partnership and these partners. The plaintiff Jules Bloch replied to the counterclaim, and denied the partnership it alleged. The trial judge, on motion, struck the crossclaim and denied the motion to bring in additional parties in the counterclaim. Subsequently, the court struck all of the defenses in the answer, dismissed the counterclaim and entered summary judgment for Jules Bloch against appellants on the “note.” The defendants appealed from the summary judgment, and also assigned as error the orders striking the defenses asserted in their answer, and striking the counterclaim and crossclaim.
Appellants say that there was only one transaction between them and the Bloch partnership and that the building contract and the “note” are both part of this transaction. The appellants seek to terminate their controversy with these partners in one suit. If it is true as alleged that in executing the building contract Robert Bloch was acting for the partnership and in placing $15,000 in the bank for construction use Jules Bloch was acting for the same partnership, then if these partners had been plaintiffs the “crossclaim” is actually a compulsory counterclaim, for the claim for damages for breach of the building contract arose out of the same transaction as the execution of the “note.” Since, however, Jules Bloch claims that only he is interested in the “note” it was necessary for appellants to bring in the others, to support their claim that they dealt with Jules Bloch and the others as a partnership and that the partners’ breach of the contract for construction brought about nonpayment of the note sued upon. This is precisely the kind of situation covered by rule 1.13(8), F.R.C.P., 30 F.S.A., which provides :
“When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defend *617 ants if jurisdiction of them can be obtained, and their joinder will not deprive the court of jurisdiction of the action.”
The note, with the letter to which it referred on its face, showed it was payable out of a particular fund in the event of the construction which was undertaken. The maker and endorsers may not be liable thereon when the fund does not become available or is exhausted, for reasons not attributable to them. See Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421; Murphy v. Green, 102 Fla. 102, 135 So. 531; Batchelder v. Prestman, 103 Fla. 852, 138 So. 473; Seminole Fruit & Land Co. v. Rosborough-Weiner, Inc., Fla. 1950, 43 So.2d 864; Golden Heights Land Co. v. Norman Babel Mtg. Co., Fla.App. 1958, 102 So.2d 858. In Ballas v. Lake Weir Light & Water Co., supra, 130 So. at page 427, the Supreme Court said:
“ ‘A contract or promise to pay may be restricted to a particular fund, so as to make the raising or the sufficiency of the fund a condition precedent to the liability, and in such case the promise cannot be enforced until the ■ fund is realized, unless the failure to realize or collect the fund from which payment is made is due to the neglect, or to the unreasonable refusal to act, of the promisor, or is otherwise attributable to him.’ ” (Citing numerous authorities.)
The joinder of Lawrence J. Bloch and Robert F. Bloch, alleged partners of Jules Bloch, incident to the “counterclaim and cross-claim” against the plaintiff Jules Bloch, was allowable under rule 1.13(8), F.R.C.P. See Pan American Surety Company v. Jefferson Construction Company, Fla.App.1958, 99 So.2d 726. The counterclaim sought damages for an alleged breach of contract in the transaction relating to construction of which the note declared on by the plaintiff Jules Bloch was alleged to be a part.
We therefore conclude that the trial judge was in error in striking from the answer the reference to such matters and in striking the “counterclaim and cross-claim,” and in granting summary judgment to the plaintiff.
Appeal No. 60-257, which was directed to an interlocutory order dismissing the cross-claim is dismissed. In appeal No. 60-339, the summary judgment and the orders striking portions of the answer and the “counterclaim and crossclaim” are reversed and the cause remanded for further proceedings not inconsistent herewith.
It is so ordered.
PEARSON, Acting Chief Judge, and CARROLL, CHAS., J., concur.