## WILSON v. KEHOE.

No. 69-C-4171.

Circuit Court, Fifteenth Judicial Circuit.

October 2, 1970.

---

Tomberg & Culp, Boynton Beach, for plaintiff.

Edward Rodgers, West Palm Beach, for defendant.

JAMES R. KNOTT, Circuit Judge.

*Final judgment:* Plaintiff sues for a debt of $3,000, representing plaintiff's equity in an airplane which he sold to defendant on or about December 15, 1968, less the sum of $510.68 as a set-off. Defendant admits the debt, but contends that no specific date was fixed for payment thereof, the parties having agreed that the debt was to be paid when defendant sold his patent rights to a "shampoo sink" which he had invented.

The testimony of both plaintiff and defendant supports the conclusion that the parties had intended that the debt would be paid from the proceeds of the sale of the invention, which was expected to take place within a very short time after the airplane transaction.

The present case presents a situation where plaintiff's right to recover the sum payable under his contract hinges on the success of the defendant's efforts to sell his invention. Both parties fully expected the sale to be effected promptly; the fact that it was not consummated as planned would not cause the debt to became payable.

"A contract or promise to pay may be restricted to a particular fund, so as to make the raising or sufficiency of the fund a condition precedent to liability." 7 Fla. Jur. 173.

"The principle is well established that where a particular fund from which payments are to be made does not materialize, the court is not at liberty to grant a money judgment. Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421; Murphy v. Green, 102 Fla. 102, 135 So. 531; Batchelder v. Prestman, 103 Fla. 852, 138 So. 473; Seminole Fruit & Land Co. v. Rosborough-Weiner, Inc., Fla. 1950, 43 So.2d 864." Golden Heights Land Co. v. Norman Babel Mtg. Co., Fla., 102 So.2d 858.

It is therefore ordered and adjudged that plaintiff take nothing by his suit, the same being dismissed without prejudice, and that defendant go hence without day, his costs to be assessed upon hearing after notice.