291 So.2d 234 (1974)
Barrett M. ROTHENBERG, Appellant,
v.
MELLOW MUSIC, INC., a Florida Corporation, Appellee.
No. 73-509.
District Court of Appeal of Florida, Third District.
March 19, 1974.
Caidin, Rothenberg, Kogan & Kornblum, Miami, for appellant.
Smith, Mandler, Smith & Parker and Joe N. Unger, Miami Beach, for appellee.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PEARSON, Judge.
The appellant, Barrett M. Rothenberg, suffered a summary final judgment in an *235 action brought by the appellee, Mellow Music, Inc. against Rothenberg as the endorser on a promissory note. Rothenberg as defendant answered the complaint and as an affirmative defense alleged that the note was merely an agreement by the maker to pay the amount of the note from a particular fund, and that inasmuch as he only guaranteed payment according to the terms of the note, he was not liable because the fund had ceased to exist. After extensive discovery, both parties moved for summary judgment and the trial court entered summary judgment for the plaintiff in the amount of the face amount of the note less certain credits, plus costs and attorney's fees. This appeal followed.
The plaintiff corporation is in the business of locating vending machines. It entered into a location agreement with Restaurant West, Inc., doing business as the Jester Restaurant, whereby in consideration of $5,000.00 given to Restaurant West, the plaintiff acquired the right to place a cigarette vending machine in the restaurant.
The defendant endorsed the instrument referred to which was given in return for the $5,000.00. The location agreement provided for Restaurant West to receive $.05 per pack of cigarettes sold. These proceeds were to comprise the fund from which the $5,000.00 was to be repaid. On its face, the instrument recited that the $5,000.00 was payable "from cigarette commissions".
In his affidavit, the defendant stated that he signed the instrument subsequent to its delivery to the plaintiff, and that he received nothing as consideration for his signature. The defendant further stated that he signed the instrument to indicate his consent to the payment to the plaintiff "from cigarette commissions".
The defendant testified that the $5,000.00 was to be repaid from cigarette sales, and if cigarette sales were insufficient, the plaintiff would lose its investment. The defendant further testified that the plaintiff was anxious to obtain the defendant's location, and as a further inducement to the owners of the restaurant, agreed to install a music system in the restaurant at no charge above the actual cost of the equipment. Subsequently, the plaintiff realized $646.00 from revenues produced by the sale of cigarettes. Through no fault of the defendant, Restaurant West became insolvent and its operation was concluded in a bankruptcy proceeding. The plaintiff, employing a judicial proceeding, removed the vending machine from the restaurant and demanded payment on the instrument. Since the demand for payment was refused, the action in the trial court was initiated.
The note upon which suit was brought is as follows:
 "No. ____ $5,000.00 February 3 19 70 after date; for value
 received, I promise to pay to the order of Mellow Music, Inc. 
 Five thousand and no/100 ______ Dollars Payable at From
 Cigarette Commissions, of ________ with interest thereon at the rate
 of ____ per cent, per annum from ______ until fully paid. Interests
 payable semi-annually. The maker and endorser of this note further agree
 to waive demand, notice of non-payment and protest, and in case suit
 shall be brought for the collection hereof, or the same has to be
 collected upon demand of an attorney, to pay reasonable attorney's fees
 for making such collection. Deferred interest payments to bear interest
 from maturity at _________ per cent, per annum, payable semi-annually.
 Lester Siegel Pres. (Seal)
 Due On Demand 19__ Lester Siegel d/b/a Jester Rest. (Seal)"
*236 The appellant presents two points on appeal. The first urges that the court erred in finding that the defendant was liable upon the instrument since the fund from which the instrument was to be paid failed to materialize through no fault of the defendant. The second urges that there is a genuine issue of material fact as to whether the parties intended the instrument to be paid only out of a specific fund. The appellee, on the other hand, urges that each of these points is immaterial because the promissory note is not conditional in its terms and that therefore it is a negotiable instrument and governed by the provisions of the Uniform Commercial Code, particularly § 673.3-105(2)(b), Fla. Stat., F.S.A. The provisions urged by appellee is as follows in material portion:
"A promise or order is not unconditional if the instrument ... [s]tates that it is to be paid only out of a particular fund or source . .". (Emphasis supplied)
We hold that there is a genuine issue of material fact as to whether the parties intended the instrument to be paid only out of a specific fund. The instrument shows upon its face that it was "payable [at] from cigarette commissions". The Supreme Court of Florida in the case of Ballas v. Lake Weir Light & Water Co., 100 Fla. 913, 130 So. 421 (1930), said:
"`A contract or promise to pay may be restricted to a particular fund, so as to make the raising or the sufficiency of the fund a condition precedent to the liability, and in such case the promise cannot be enforced until the fund is realized, unless the failure to realize or collect the fund from which payment is made is due to the neglect, or to the unreasonable refusal to act, of the promisor, or is otherwise attributable to him.'"
See also Marina Apts., Inc. v. Bloch, Fla. App. 1961, 128 So.2d 615.
The question then becomes whether or not the inclusion of the provision that the repayment of the loan was to be from cigarette commissions creates an ambiguity as to whether or not the repayment was to be only from cigarette commissions. We think that an ambiguity exists in this instance and that testimony should properly be taken on the issue. See Ace Electric Supply Company v. Terra Nova Electric, Inc., Fla.App. 1973, 288 So.2d 544. Therefore, the summary final judgment is reversed and the cause is remanded for further proceedings in accordance with the views herein expressed.
Reversed and remanded.