PER CURIAM.
Plaintiff, real estate broker, appeals an adverse final judgment in an action to collect the balance of his commission.
Defendants Oscar Mannen, Harvey Factor and Samuel Novell and their wives are the owners of 56.01 acres of land in Boca Raton, Florida. Plaintiff Stanley Perlman procured Michael Grasso to purchase defendants’ property. The defendants agreed in writing to pay plaintiff as procuring broker a commission of $50,000, payable lh at closing, Vz after the buyer paid the first annual mortgage installment and Vs after payment of the second annual installment. Upon closing plaintiff was paid Vs ($16,667) of his commission. Following the closing the City of Boca Raton rezoned the subject property from multi-family to single family residential and as a result Grasso never made the first annual payment when it became due. With the consent of plaintiff, defendants granted Grasso an extension so that he might seek rezoning from the city. Being unsuccessful, the mortgage was can-celled and Grasso and defendants entered into a new agreement whereby the land was transferred to a joint venture of Grasso and defendants. This venture was committed to seeking a zoning change. Pursuant to this agreement a four acre parcel of the 56-acre tract was transferred outright to Grasso for $40,000 and defendants paid plaintiff an additional $2,000 (5% of $40,-000). Plaintiff then instituted action to recover the balance of the $50,000 commission allegedly due him. The cause proceeded to a jury trial at the conclusion of which the jury found for the defendants.
Plaintiff broker contends the trial judge erred by instructing the jury that the defendant sellers were not liable for his commission unless nonperformance of the condition precedent thereto (payment of the mortgage installments by Grasso) was caused solely by the defendants. We disagree.
We find that the jury instructions reflected correct statements of law. Cf. Advertects, Inc. v. Sawyer Industries, 64 So.2d 300 (Fla.1953); Mohawk, Inc. v. Cohen, 125 So.2d 909 (Fla.3d DCA 1961).
Plaintiff also argues that since the commission agreement is not • ambiguous, the trial judge erred in determining that it is within the province of the jury to consider the agreement and the dealings between defendants, Grasso and himself subsequent to the execution thereof.
Although the agreement itself is unambiguous, whether or not that which had transpired subsequently would constitute a breach of contract on the part of defendants and, thus, make them liable for the remainder of plaintiff’s commission was a *245 matter of fact to be determined by the jury. See 7 Fla.Jur., Contracts, § 153 (1956) and cases therein.
We find that the issues raised as a result of these dealings were properly submitted along with the agreement to the jury for its determination.
Affirmed.