BASKIN, Judge.
Because we find no evidence of appellant’s acceptance of the changed contract terms submitted by appellee, we reverse the final judgment entered by the trial court. The court’s announcement that its decision resulted from appellant’s failure to object to the altered mortgage interest rate conflicts with the principle of law that silence does not constitute an acceptance of an offer unless a duty to speak has arisen from a past relationship of the parties, their previous dealings, or other circumstances. 17 C.J.S., Contracts, § 41(e) (1963). Appellant neither initialed the changes in the contract nor performed any act which might operate as an estoppel. See Mayer v. First National Co. of Sarasota, 99 Fla. 173, 125 So.2d 909 (Fla.1930). The requirement that acceptance of an offer to sell realty must be absolute and unconditional, Koplin v. Bennett, 155 So.2d 568 (Fla. 1st DCA 1963), was not met.
Reversed and remanded for further proceedings consistent with this opinion.