581 So.2d 961 (1991)
Mohamood ALLY, Appellant,
v.
Mohammed NAIM, Appellee.
No. 90-2784.
District Court of Appeal of Florida, Third District.
June 18, 1991.
*962 Bailey, Martin & Associates and Abe A. Bailey, Miami, for appellant.
Levine, Busch, Schnepper & Stein and Barry A. Stein, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
PER CURIAM.
Mohamood Ally, defendant below in proceedings supplementary, appeals an adverse final judgment after bench trial. We reverse.
At the times pertinent to this appeal, defendant was the president and stockholder of Hialeah Vending Company. This was a subchapter S corporation of which defendant was the principal employee. Hialeah Vending owned and operated vending machines, but in 1985 sold all of the machines to an independent third party in an arms length transaction. In exchange, Hialeah Vending took back a note from the buyer, which was to be paid off in installments by September, 1989.[1] For the next two or three years Hialeah Vending sold soft drinks and engaged in certain other business activity. The corporation's business activity was reflected on its subchapter S tax returns, prepared by its accountant, and the net income went to defendant.
In 1986 Mohammed Naim, plaintiff below, was injured in an automobile accident which was determined to be within his responsibilities on behalf of Hialeah Vending. At some point he made a workers' compensation claim against Hialeah Vending and defendant individually. The record does not reflect when the claim was made, but in October, 1989 a judge of compensation claims entered an award in favor of plaintiff and against Hialeah Vending (but not against defendant individually). This was reduced to a judgment against Hialeah Vending for $74,572 in October, 1990.
After execution on the judgment was returned unsatisfied, plaintiff initiated proceedings supplementary against defendant pursuant to section 56.29, Florida Statutes (1989). Plaintiff asserted that he was entitled to pierce the corporate veil so as to impose personal liability on defendant for the obligations of Hialeah Vending. After a brief bench trial, the court granted the relief sought and entered judgment against defendant personally for the final judgment. This appeal ensued.
Under Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla. 1984), "the corporate veil may not be pierced absent a showing of improper conduct." Id. at 1121. Thus, "`[t]he corporate veil will not be penetrated either at law or in equity unless it is shown that the corporation was organized or employed to mislead creditors or to work a fraud upon them.'" Id. at 1120 (quoting Advertects, Inc. v. Sawyer Indus., Inc. 84 So.2d 21, 23 (Fla. 1955)). The fact that a corporation is a "one person" corporation does not, standing alone, justify piercing the corporate veil, Riley v. Fatt, 42 So.2d 769, 773 (Fla. 1950); see also Dania Jai-Alai Palace, Inc., 450 So.2d at 1120; Advertects, 84 So.2d at 24, nor does the fact that business affairs have been poorly handled, without more, justify piercing *963 the corporate veil. Advertects, 84 So.2d at 24.
In the present case the plaintiff relied on a theory taken out of context from the Advertects decision. That decision said that proceedings supplementary could be initiated where, among other things, there was a showing "that property belonging to the corporation can be traced into the hands of the stockholders." 84 So.2d at 24. Plaintiff interpreted this to say that if the ordinary proceeds of business activity were paid by Hialeah Vending to the defendant, then plaintiff would be allowed to obtain a judgment against defendant individually. Plaintiff argued that between 1986 and 1989 Hialeah Vending had net income in excess of the amount claimed by plaintiff; that these sums flowed to defendant individually; and that therefore plaintiff was entitled to a judgment against defendant individually.
That is not the correct interpretation of the Advertects decision, whether read alone or together with Dania Jai-Alai. The language just quoted from Advertects must be read in the context of the rest of the decision, which holds that the corporate veil will not be penetrated "unless it is shown that the corporation was organized or employed to mislead creditors or to work a fraud upon them." Id. at 23. Thus, it is not enough to show that the corporation's "business affairs had been rather poorly handled," id. at 24; there must also be a showing "that the stockholders had improperly converted ... its property to their own use or ... fraudulently or inequitably abused their relationship with the corporate entity." Id.
In the present case plaintiff showed only that Hialeah Vending engaged in a course of business activity in the period 1985-89. So far as this record reveals, the corporate income remaining after all other expenses had been paid went to the defendant as compensation. This was done year by year in the ordinary course of business. The fact that a closely held corporation compensates its sole shareholder and principal employee in the ordinary course of that corporation's business does not, without more, satisfy the tests set forth in Dania Jai-Alai and Advertects. See Dania Jai-Alai, 450 So.2d at 1119-21 and cases there cited.
Reversed.
NOTES
[1] The parties disagree on the amount of payments the buyer actually made on the note.