KLEINFELD, Senior Circuit Judge,
dissenting:
I respectfully dissent.
To pierce the corporate veil in Florida, “the corporate form must have been used fraudulently or for an improper purpose.”[1] It is not enough that a corporation is thinly capitalized and improperly run. The corporation must be organized or operated for an improper purpose to allow liability against shareholders.[2] “Thus, unless there is a showing that a corporation was formed, or at least employed, for an unlawful or improper purpose — as a subterfuge to mislead or defraud creditors, to hide assets, to evade the requirements of a statute or some analogous betrayal of trust, the corporate veil cannot be pierced.”[3]
Karl Eekhardt presented evidence sufficient to raise a genuine issue of material fact on this issue. If Karl’s Collision was formed and operated so that Karl could earn a living by doing auto body work, and its failure to pay taxes was because the business was poorly run, or Karl got sick, rather than because it was being operated for the purpose of evading taxes, then Karl would not be personally liable for the taxes on the corporation.
Karl’s Collision did pay employment taxes before Karl got sick, and after he got sick, and paid at least some taxes while Karl was sick. During the time Karl’s Collision failed to pay taxes, Karl was diagnosed with a rare chondoblastoma tumor on his ankle, for which he got five surgeries, resulting in a staphylococcus infection, and in Karl being heavily medicated. Business suffered without Karl, and the Eckhardts sold their home to reduce living expenses. Hurricane damage delayed their move to the cheaper home by four months, so they were homeless, living in a trailer with three children and a very sick father and husband. Although these facts do not excuse Karl’s Collision from paying its employment taxes, they do permit a reasonable inference that the purpose of the business was not to evade taxes. A finder of fact could infer that the failure to pay was because Karl was sick and broke, not because he had schemed to use the corporate form to evade payment.
Karl Eekhardt and his wife, Kim, have personally expended significant funds as a *859 result of Karl’s Collision’s unpaid employment taxes. They personally paid $76,000 against Karl’s Collision’s unpaid employment taxes in trust fund recovery penalties under 26 U.S.C. § 6672. They borrowed this money against their personal residence to pay for the debts of Karl’s Collision. Further, the corporation was not dissolved voluntarily. The government seized all of the assets of Karl’s Collision and sold them, and then the State of Florida dissolved the corporation. Kim averred in her declaration that she then borrowed money from her mother to buy back the assets seized from Karl’s Collision to start her own auto body shop, NMB Collision, so that she could support the family and pay Karl’s medical bills. These facts permit a reasonable inference that this family sought to run a legitimate auto body shop despite their apparent inability to manage the finances.
As for corporate funds being used for personal expenses, the government does not claim “skimming” (hiding income under the guise of business expenses). Without such a claim, there is no compelling inference that this bad bookkeeping method amounts to using the corporation fraudulently or for an improper purpose. Since the Eekhardts owned all of the stock of the corporation, there would be no fraud or improper purpose against other shareholders. So long as they did not hide income, there would be no fraud or improper purpose against the Internal Revenue Service in the nature of evading income tax. For this close corporation to pay Karl’s mortgage on the land would, as a practical matter for people unsophisticated in accounting, be like paying rent on the business premises. That does not support an inference of fraud. The Eekhardts submitted evidence that much of the personal use of the corporate account amounted to the bank transferring funds rather than the Eekhardts deciding to do it, as banks often do when someone has two accounts and one of them is overdrawn.
Since on summary judgment we are required to “view all the evidence and factual inferences therefrom in the light most favorable to the non-moving party,”[4] my view is that Karl Eckhardt has established a genuine issue of material fact and is entitled to try his case.

. Gasparini v. Pordomingo, 972 So.2d 1053, 1055 (Fla.Dist.Ct.App.2008).

. Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114, 1117 (Fla. 1984); Ally v. Naim, 581 So.2d 961, 962-63 (Fla.Dist.Ct.App.1991) (per curiam).

. Lipsig v. Ramlawi, 760 So.2d 170, 187 (Fla. Dist.Ct.App.2000).

. Miller v. King, 384 F.3d 1248, 1258-59 (11th Cir.2004).